Baldwin, J.
delivered the opinion of the Court.
Our road law provides, “ that when a bridge or causeway shall be necessary, and the surveyor with his assistants cannot make or maintain the same, the Court of the county are empowered and required to contract for the building and repairing such bridge or causeway, and to levy the charge thereof in their county or road levy. But no order for the erection of any bridge or bridges shall be made by the Court of any county, unless a majority of the acting justices of such county shall be present at the making of such order, or unless the Court of *256 such county shall have signified their intention of ma-such order, at least one month previous to making the same, and shall have caused a statement thereof to entere(j 0f recor¿; with directions to the sheriff of county t0 summon the justices of said county to attend at the next term for the purpose aforesaid.”
The effect of this enactment is to prevent a county from being chargeable with the maintenance of such a bridge as it contemplates, without a previous order for its establishment, made in the mode therein prescribed. If the conditions required be observed, then the bridge will be established by the order for its erection: and so if it has been previously erected by an individual for the public benefit, or for his own purposes, and then dedicated by him to the public use, an order for its adoption, the above mentioned prerequisites being observed, will establish it as a public bridge ; and thenceforth it will fall within the authority and duty of the Court to provide for its reparation and maintenance, at any terms held under the general law, without the necessity of following these special provisions. But there is no obligation upon the Court to repair and maintain a bridge erected by individual enterprise, with whatever view to public advantage, or though dedicated by him to the public use, and actually used by the public, unless it has been adopted by the Court in the mode above specified. There can be no such permanent burthen thrown upon the county, by any supposed agreement or understanding between the individual and the public, unless through the agency of the Court; and that can only be exercised in the mode specially prescribed by the statute.
If an individual without authority, for his own purposes, or even for the public advantage, constructs a bridge in a public road, it is incumbent on him to keep it in such a condition as not to impede the free and convenient use of the highway; and if he suffers it to be *257 come ruinous, so as to operate as an obstruction, he becomes guilty of a nuisance, for which the law gives the proper remedies: but neither he nor any one else can compel the county to incur the charge of repairing and maintaining the bridge.
In the present case, a rule was obtained in the Circuit Court, in September 1843, on the appellant’s motion, against the justices of the County Court of Goochland, to shew cause why a mandamus should not be awarded, commanding them to repair and keep in repair the bridge across Stony creek in said county, on the main stage road leading from Richmond to Goochland courthouse.
The object of the proceeding, it will be seen, was not to compel the justices, in the exercise of a just police, to erect a new bridge ; but to repair and maintain one already in existence. It was, therefore, incumbent on the appellant to shew, that the bridge had theretofore been erected or established by lawful authority. This he has attempted, but wholly failed to do.
The order of the County Court of November 1836, by which it was directed that the appellant and others, or any two of them, “ do let and receive the necessary repairs or rebuilding the bridge across Stony creek,” was not an order for the erection of a new bridge, or the permanent establishment of an old one, but for the thorough repair, by rebuilding, if requisite, of a bridge then existing, but in a dilapidated or ruinous condition. It is unnecessary to enquire what would have been the effect of this order, if the justices of the county had been summoned to take the subject into consideration ; or if, when acted upon, a majority of the justices had been present. If either of these conditions had occurred, it could be shewn by record evidence, and none has been produced. The order, therefore, must be taken to have been made at a term of the Court orga *258 nized merely for the transaction of ordinary business, aud with a sufficient number of justices for that purpose only. The effect of such an order could not be, eveQ g0 (qesigae(3j t0 establish a permanent charge upon the county for the perpetual maintenance of the bridge. It could authorize, at most, only the expenditure of money out of the county levy for the then occasion of a partial repair, or a thorough repair by rebuilding, of an existing bridge, (unestablished by lawful authority,) and in temporary aid or relief of the individual enterprise by which it had been constructed. Nor could a greater effect be given to the order by the return and admission to record, at a subsequent term, of the commissioners’ report of their proceedings under the order; nor by the allowance at such term to the undertaker, out of the county levy, of the compensation for his work; especially in the absence of record evidence, that the subject of establishing the bridge was then taken up and considered^ by a majority of the justices of the county.
It was indispensable, therefore, to make out the appellant’s case, that he should go behind the order of 1836, and shew by record evidence that the bridge in question had been previously established, in the mode prescribed by law; or prove such lapse of time and other circumstances, since its original erection, as to warrant the presumption of the loss or destruction of such record evidence. No effort of the kind has been made; and the appellant’s case rests mainly upon the order of 1836, and the subsequent proceedings above noticed.
The appellees on their part examined witnesses, who were citizens and “ tithe-payers” of the county, and proved by them, amongst other facts, that the bridge was originally erected by the appellant, a number of years prior to the order of 1S36, and kept up by him until that period.
*259 We need not consider whether the parol evidence in the case was admissible, or the witnesses for the appellees competent; inasmuch as that evidence was unnecessary for the appellees, and can avail the appellant nothing.
It seems to the Court, that there is no error in the order of the Circuit Court, discharging the rule which had been granted to the appellant: It is therefore considered that the same be affirmed, with costs.