Emott, J.
It seems to have been considered, by all the authorities, before the Revised Statutes, both in England and in this State, that in an indictment for burglary it was necessary, not only to aver that the prisoner broke and entered the premises with intent to commit a felony, but to state what felony he intended. And the intent must have been correctly stated; for, if the entry was alleged to be with the intent to commit one kind of felony, and the evidence showed that another was designed, the prisoner could no.t be convicted. (1 Hale Pl. Cor., 561; 2 East. Pl. Crown, 514; 3 Chit. Cr. L., 1098.) The definition of burglary, at common law, was the breaking and entering the house of another with intent to commit some felony therein. - The Revised Statutes have substituted a definition of the crime as a breaking and entering a dwelling, &c., with intent to commit some.'crime therein. The Revised Statutes do not, however, by this section, create a new offence, and their provisions do not affect or alter the degree of particularity required in the statement of the offence in an indictment. The indictment in this case was, in my opinion, defective in merely averring, in the count for burglary, that the,prisoner intended to commit a crime, without stating what crime. The defect would not be aided by the second count, which is a separate count for a larceny. If the first count had charged that the prisoner feloniously, &c., broke and entered, &o., and did then and there steal certain property, charging the commission of a crime in fact by the prisoner when he had entered the house, and the fact were so, this would do away with the necessity of a charge of a felonious or criminal intent, *194 since such an intent would be involved in the actual commission of the crime. But I do not readily perceive how the first count for burglary, if defective in itself, would be aided by the second count for the distinct offence of larceny.
The defect, however, is one of form, not of substance. The indictment charges the crime of burglary in the language of the statute, but not with that degree of particularity which the rules of criminal pleading require and the prisoner had a right to demand. Such a defect might have been taken advantage of by demurrer, or by objection to the evidence at the trial. There was, however, no demurrer, no objection at the . trial, nór was the point raised in any manner in the court below. The district attorney proved, without objection, that the prisoner burglariously entered certain apartments 'of one Christopher Thomas and stole a ring from thence; and the prisoner’s counsel, passing by any difficulty in the form of the indictment, and making no objection to the evidence under it, asked the court to charge the jury that breaking and entering these apartments with' intent to steal was not a burglary. Such an objection as is now made to the form of the indictment in respect to particularity, comes too late upon writ of " error after judgment. It is evident that the prisoner was not misled, and the defect is within the statute of Jeofails. (2 R. S., p. 728, §52; 5 Wend,, 9; 2 Seld., 50.) As to the’ objection taken at the trial that burglary could not be committed by breaking and entering apartments in what is known in cities as a tenement house, a building occupied separately by several families, each having distinct apartments' opening into a common hall, and thus communicating with the street, it has, in my judgment, no foundation. Any and every settled habitation of a man and his family is his house or his mansion, in respect to its burglarious entry. It was so held before Lord Hale’s time as to chambers in colleges and inns of court, and even as to a chamber hired by A in the house of B, for lodging for a specified time. (Hale Pl. Cor., I., p. 556.) Sergeant Hawkins (Cr. Law, vol. I, p. 163), gives the same rule as to tenement or lodging houses, except that he seems to suppose that a *195 difference might arise when the owner of the house himself lived in it. But such an exception would only lie where the other inmates were lodgers with the owner, and not proprietors of distinct tenements separately hired and occupied for a longer or shorter time, with access either separately or jointly to the street. Wherever a building is severed by lease into distinct habitations, each becomes the mansion or dwelling house of the lessee thereof, and is entitled to all the privileges of an individual dwelling. The case of the People v. Bush (3 Park. Cr. R., 556), was precisely like the one at bar, and it was there held by three judges of the Supreme Court, of whom the one pronouncing the opinion was a learned and experb enced criminal lawyer, that a room or rooms in a tenement house, rented to separate families with a door and entry common to all, constituted each the dwelling house of the particular occupant in the sense of the law. Such we understand to be the well-settled rule.
The judgment of the Supreme Court affirming that of the Court of Sessions was right, and must be affirmed in this court.
Selden, J., concurred in this opinion: all the other judges also concurred, except that they thought that the indictment was good, and that the objection to it would have been unavailing if taken in time.
Judgment affirmed.