*G. V. Howk* and *R. W. Weir*, for appellees.

---

## WRIGHT *v.* WELLS and Others.

HIGHWAYS.—NOTICE OF PETITION.—Proof of the posting up of notice of a petition for the location of a highway may be made before the board of commissioners by affidavit, and the same mode of proof is admissible on appeal.

SAME.—The sufficiency of such proof is a jurisdictional fact, which must be determined by the board before the appointment of viewers. After the board has taken jurisdiction, objection to such proof comes too late.

SAME.—Where the record of the board stated that proof of legal notice of the petition had been made, and set out a copy of a notice, to which an affidavit was attached, which stated that three copies of the notice had been posted up in the township "according to law," it was held that it did not appear that the affidavit was the only proof made to the board, and that the board had jurisdiction.

SAME.—It is not necessary that the notice of the petition should be signed by any one.

APPEAL from the *St. Joseph* Common Pleas.

ELLIOTT, J.—This is an appeal from an order of the board of commissioners of *Elkhart* county, establishing a public highway, on the petition of *Wells* and others. *Wright,* the appellant, appeared before the commissioners' court, on the coming in of the report of the first viewers, and filed a motion to dismiss the proceedings, which was overruled. He then, in connection with others, remonstrated against the highway as not being of public utility. Reviewers were thereupon appointed, who reported in favor of the utility of the highway. *Wright* also filed a claim for damages in the sum of $550. The board confirmed the report of the last named viewers, and entered an order establishing said highway, and thereupon appointed viewers to determine and assess the damages caused to said *Wright* by the location of said road over his lands. The viewers so appointed assessed *Wright's* damages at one hundred dollars, which the board ordered to be paid out of the county treasury. *Wright* thereupon appealed to the Court of Common Pleas of said county. The case was subsequently transferred, on change of venue, to the *St. Joseph* Common Pleas, where, by agreement of the parties, it was tried by the court without a jury. The court found for the petitioners, and in all things confirmed the action of the commissioners' court in establishing the highway, and in the assessment of damages. *Wright* appeals here.

The questions in the case arise upon a motion for a new

trial and in arrest of judgment. The reasons assigned for a new trial are as follows: "1. Irregularity in the proceedings of the court, by which the appellant was prevented from having a fair trial, in this, to-wit: the court erred in admitting in evidence the written affidavit of the posting up of the notice of petition. 2. That the decision of the court is not sustained by sufficient evidence, and is contrary to law."

It appears by a bill of exceptions that on the trial of the cause the appellees offered in evidence a copy of one of the notices posted up in the township in which the highway in controversy is situated of the intended application, by petition to the board of commissioners, for the location thereof, to which was attached the following affidavit viz: "State of *Indiana, Elkhart* county, ss. *Lawrence Wells*, being duly sworn, says that the above is a true copy of the road notices put up according to law, in *Washington* township, by one *Lawrence Wells, sen.*, on *Monday*, the 17th of *August*, 1863. (Signed) LAWRENCE WELLS, SEN. Subscribed and sworn *to* before me, the 7th of *September*, 1863. E. W. H. ELLIS, County Auditor."

It is the same affidavit filed in the commissioners' court as proof of notice, at the time the petition for the road was filed in that court, and was copied into the record of its proceedings. The reading of the affidavit in evidence was objected to for the reasons: "1. That it is not proper to prove the posting of such notice by affidavit. 2. That the affidavit is insufficient."

The proof of posting such notices may properly be made in the commissioners' court by affidavit, and such, we believe, is the general practice. The statute requires that the board of commissioners "shall be satisfied" that such notice had been given. This may be done by affidavit. Such is the mode in which publication of notice is usually required to be proved in all the courts, and in this case, if proper in the commissioners' court, the same evidence would be legitimate in the Common Pleas, on appeal. We held in

*Little* v. *Thompson*, 24 Ind. 146, that an objection to the sufficiency of the notice should be made at the time of presenting the petition and before the appointment of viewers. It is a jurisdictional fact, which must be shown to the satisfaction of the commissioners to enable them to take cognizance of the petition and appoint the viewers, and we find nothing in the statute to authorize any one to appear and object to the sufficiency of such proof after the court has taken jurisdiction and appointed viewers. Section 23 of the highway act, 1 G. & H. 364, provides that " if any one or more freeholders residing in such county, along such proposed highway, vacation or change, shall object to the same at any time before final action thereon, as not being of public utility, other viewers may be appointed," &c. And it is provided by section 19 of the same act, that " if any person through whose land such highway or change may pass, shall feel aggrieved thereby, such person may, at any time before final action of the board thereon, set forth such grievances by way of remonstrance, and the board shall thereupon appoint three disinterested freeholders as reviewers, and assign a day and place for them to meet." The next succeeding section makes it the duty of the reviewers to review the proposed highway and assess the damages, if any, which such objector may sustain by such highway being opened.

These are the only provisions of the act authorizing an adversary appearance. And they only authorize such appearance for the purpose of objecting to the proposed highway as being of public utility, or setting up a claim for damages by reason of the proposed highway passing over the land of the remonstrant. These seem to be the only questions, outside of the sufficiency of the petition to give the board jurisdiction, which can be presented by such parties. The record of the board shows that the petition was "signed by twelve freeholders of the county, six of whom resided in the immediate neighborhood of the proposed highway;" and after setting out the petition, the record contains this statement:  "Proof of legal publication being

Wright *v.* Wells and Others.

made, towit:" Then follows the notice to which the affidavit, hereinbefore set out, is attached. The statute requires the notice to be given by publication three weeks successively, in a newspaper published in the county, or by posting up notices in three of the most public places in the neighborhood of the highway.

The affidavit referred to does not literally comply with the language of the statute. It states that three copies of the notice were "put up, according to law, in *Washington* township," that being the township in which the road is located. The statement that they were put up according to law, is rather a conclusion of law than the statement of a fact. But the record contains the statement that proof of legal publication was made, and sets out a copy of the notice, and the fact that the affidavit of *Wells* is attached thereto is not conclusive that it was the only evidence given to the commissioners that the notices were posted in three of the most public places in the neighborhood of the highway. We think the record discloses facts sufficient to confer jurisdiction on the board, and its proceedings cannot be regarded as a nullity.

In this connection, it is proper to notice an objection made in argument to the notice itself, claiming that it was void because it was not signed by one or more of the petitioners. We do not think a signature to it is required by the statute.

We have examined the evidence, and, under the view we have taken of the law of the case, think it fully justifies the finding of the court.

The appellant's counsel has not discussed the question of the motion in arrest, and we do not deem it necessary to discuss it here.

The judgment is affirmed, with costs.

*W. A. Woods*, for appellant.

*A. G. Porter, B. Harrison* and *W. P. Fishback*, for appellees.