# 𝕎heeling.

### GEORGE SEIBERT *et al.* *vs.* JOHN M. LINTON.

#### July Term, 1871.

1. Under the Act of 1863, p. 179-80, the Board of Supervisors could not establish a road upon return of process executed upon the proprietors of lands, without a writ of *ad quod damnum*, unless the proprietors were willing to accept the compensation offered them as damages.

2. A case in which an act of the Legislature, purporting to legalize an order of the Board of Supervisors opening a road, held to be void, because it was an effort to determine a question essentially judicial.

This was a bill of injunction filed in the circuit court of Berkeley county, at August rules, 1869. The points at issue are amply stated in the opinion of Maxwell, J.

*C. J. Faulkner* for the appellants.
*Stanton & Allison* for the appellee.

MAXWELL, J. The complainants filed their bill and obtained an injunction to restrain the defendant Linton from opening a road through the lands of complainants, which they allege was not established according to law. The defendant alleges that the road which he was about to open was established by an order of the board of supervisors of Berkeley county, made on the 20th day of June, 1868, as explained by another order made on the 10th day of August, 1868. The defendant alleges that the order establishing said road is legalized by an act of the legislature, passed on the 27th day of July, 1868. The injunction granted in the said cause was dissolved, and from the order dissolving it the appeal is taken. It is claimed for appellants that the road was not established by the proceedings before the board of supervisors, because appellants did not agree to accept the damages fixed by the viewers, and there was no writ of *ad quod damnum* to assess

8

the damages, as required by the constitution. It appears that the appellee made two efforts before the board of supervisors to have the road established. In the first proceeding a writ of *ad quod damnum* was awarded, and the damages assessed by a jury and certified by the circuit court to the board of supervisors, upon which no further action was taken by the board. After this the appellee commenced proceedings again before the board, apparently abandoning his first proceeding, and proceeded regularly until the return of the process to summon the appellants as proprietors of the land over or through which the road was to be established, when upon the answer of Seibert and Noll, an order was made to open the road, and afterwards, on the 10th of August, 1868, another order was made by the board declaring that the damages assessed by the viewers, were to be paid by the county of Berkeley. The law in force when this proceeding was had, Acts of Legislature 1863, p. 179–80, allowed the board to establish a road on the return of process executed, if it had enough before it to enable it to fix upon a just compensation to the proprietors and tenants, and they were willing to accept what it deemed just, without a writ of *ad quod damnum*. And it would seem that the board could not establish the road on the return of the process executed, unless it should appear on the face of the order that the proprietors of the lands were willing to accept the compensation offered them. *Sampson* vs. *Goochland Justices*, 5 Gratt., 241. This does not appear, and the road is therefore not established by these proceedings. It is claimed, however, that the road is established by the act of the legislature, passed July 27th, 1868, and made part of the answer of the defendant. This act is an effort on the part of the legislature to determine a question essentially judicial, and cannot be held to establish the road. The order appealed from will, therefore, have to be reversed with costs to the appellant, the injunction reinstated, and the cause remanded, with instructions to the court below, if the case shall appear on final hearing as it appears in the record here, to perpetuate the injunction.

The other Judges concurred.

ORDER REVERSED.