## STATE OF OREGON, RESPONDENT, *v.* JAMES OFFICER, APPELLANT.

JURISDICTION OF COUNTY COURT.—The County Court is practically and essentially a Court of special and limited jurisdiction.

IDEM—WHAT RECORD SHOULD SHOW.—The record of the County Court should show affirmatively that it had jurisdiction of the person and subject-matter affected by its proceedings.

IDEM—WHAT RECORD INSUFFICIENT.—A record of the County Court, made in the matter of the location of a county road, which reads, "The bond and proof of posting notices having been made to the *satisfaction* of the Court," etc., is insufficient to show that the Court had acquired jurisdiction of the persons of parties whose rights might be affected by the location of such road.

APPEAL from Clackamas County.

At the October Term, 1870, of the Circuit Court for Clackamas County, the appellant, Officer, was tried and convicted on an indictment charging him with having obstructed a public highway in said county.

On the trial of the cause the State, to maintain the charge preferred, offered in evidence the record of the County Court appointing viewers to lay out the county road, for obstructing which appellant was indicted. This record, so far as it refers to the proof of the posting of notices of the application for the location of the road, reads: "The necessary bond and proof of posting notices having been made to the *satisfaction* of the Court, it is hereby ordered that the prayer of said petition be granted," etc. To the introduction of this record as evidence appellant objected; but the Court allowed the same to be read to the jury; to which ruling appellant excepted. Several grounds of error were assigned, but none were much relied upon by counsel for the appellant in the argument of the cause, except the objection to the sufficiency of the record above quoted; which involves the only question necessary to be considered.

The bill of exceptions shows that no other proof or reference to the posting of notices was made by the State than that contained in the record referred to.

*S. Huelat,* for Appellant.

The State must prove that the way in question is a public highway. (Roscoe's Crim. Ev. 562.)

Jurisdictional facts must appear affirmatively in the proceedings of inferior tribunals. (*Thompson* v. *Multnomah County,* 2 Ogn. 34; 1 Smith L. Cas. 818, 832, 843; 2 Abb. Dig. 257; *Frees* v. *Ford,* 2 Seldon, 176; 6 Barb. N. Y. 607; *Hunsaker* v. *Coffin,* 2 Ogn. 107; 3 Abb. Dig. 290; *Johns* v. *Marion County, ante,* p. 46.)

*Addison C. Gibbs and C. B. Upton,* for Respondent.

The existence of a road as a legal highway is to be learned from and proven by the order for its establishment. (1 Ogn. 216.)

When the evidence as to notice was once before the Court, it then had full jurisdiction to decide as to its weight, or as to any other matter pertaining to the road, and thereafter all the proceedings must be presumed to be regular and legal. (1 Saund. 74; 4 Cow. 296; 2 Cow. and Hill. Notes, 779; 1 Smith L. Cas. 816.)

By the Court, BONHAM, J.:

The question to be determined in this case is, whether the record of the County Court above referred to shows the necessary jurisdictional facts to entitle it to be read in evidence for the purpose for which it was introduced, to wit: to show that the road charged to have been obstructed was a legally established public highway.

Section 3 of Chapter 50, Miscellaneous Laws, reads:

"When any petition shall be presented for the action of the County Court for laying out, alteration or vacation of any county road it shall be accompanied by satisfactory proof that notice has been given by advertisement, posted at the place of holding County Court, and also in three public places in the vicinity of said road or proposed road, thirty days previous to the presentation of said petition to the County Court, notifying all persons concerned that application will be made," etc.

In determining the question whether the record of the County Court referred to shows upon its face such a want of jurisdiction as to subject it to be thus collaterally attacked, it would be proper to consider the character of such Court as recognized and classified by the Constitution and laws of this State. While our Constitution on this subject is not as clear and definite as might be desired, yet, in construing its whole language in reference to the same together, we think that the County Court is regarded by that instrument as practically and essentially a Court of special and limited jurisdiction. It is true that § 1 of Art. VII classifies the County Courts with Courts of general jurisdiction; to be defined and limited, however, by law, in accordance with this Constitution. But by reference to §§ 12 and 13 of the article of the Constitution referred to, it will be ob-

served that in providing *specially* for the organization and
jurisdiction of County Courts, they are practically treated
as Courts of special and limited jurisdiction.  At all events,
it has already been judicially determined by this Court, in
several cases, that County Courts are to be regarded as
Courts of special and limited jurisdiction.  (*Thompson* v.
*Multnomah County*, 2 Oregon, 37; *Johns* v. *Marion County*,
*ante*, p. 46.)

In the former case the Court says: "It is admitted that
the County Court or Board of County Commissioners, so
far as it exercises judicial power, is a Court of special and
limited jurisdiction."  And further: "Before the Court
could take a step, or acquire any authority, two things must
plainly have been done: First. A petition of twelve house-
holders.  Second. Notice as provided above.  Without these
facts the Court was no more than a stranger to every person
or interest involved in the proceeding; and until the juris-
diction was acquired no intendment of regularity or power
operates in its favor.  It nowhere appears in the record,
by way of allegation or recital, that any such notice was
given, either at the court-house door or in the vicinity of
the road.  The omission was fatal to the proceedings of the
Board of County Commissioners, as clearly showing that no
jurisdiction was at any time gained over the subject-matter
to be adjudicated upon."

In the case of *Hahn* v. *Kelly* (34 Cal. 409), which is a
leading case, and one evincing great ability and research, in
reviewing the question of the jurisdiction of Courts gener
ally, the Court says: "The presumptions of law are in
favor of the jurisdiction and of the regularity of the pro-
ceedings of Superior Courts, or Courts of general jurisdic-
tion, * * * * but that they are not in favor of the
jurisdiction and regularity of the proceedings of inferior
Courts, or Courts of limited jurisdiction; and parties who
claim any right or benefit under their judgments must show
their jurisdiction affirmatively."

The record in the case of *Thompson* v. *Multnomah County*
differs from that in the case under consideration in this
respect only: In the former it appears that no reference

was made whatever to the proof of the posting of notices, while in the latter the language of the record is, "Proof of posting notices having been made to the *satisfaction* of the Court," etc. Does this language disclose the necessary jurisdictional facts to warrant the Court in proceeding, is the question. The County Court in its proceedings by the location of public highways to condemn the lands of private persons to public use, is only required to cause constructive notice to be given by the petitioners of their application for that purpose. This notice is to be given by posting the same at the *time*, at the *places*, and in the *manner* prescribed by law; and the language of the record should show affirmatively that this law had been strictly complied with.

We do not think that it is sufficient to say that the proof of the posting of notices was made to the *satisfaction* of the Court. That proof which might satisfy the Court might not satisfy the law. That proof which might satisfy the Court might not justly and lawfully satisfy the persons whose private property is sought to be condemned to public use. If it is sufficient to say that the Court is *satisfied* with the proof of the posting of notices, without any *showing* as to the time, place or manner of posting, then the only question upon this subject would be one in the discretion of the Court, which, when once exercised, would be a finality, however erroneous the judgment of the Court might have been.

We do not think that the record of the County Court in this case was sufficient to show that it had acquired jurisdiction of the persons of those affected by its proceedings.

The judgment of the Court below is reversed.