## MINARD v. DOUGLAS COUNTY.

PUBLIC HIGHWAYS—NOTICE—HOW AND BY WHOM SERVED.

The notice of the application for laying out a highway, required by the statute to be given to interested parties, must be signed by the petitioners.

*Semble*, that the proof of service should state where the notices were posted.

APPEAL from Douglas. The facts are stated in the opinion.

*Kelsay & Burnett*, for appellant.

*Wm. R. Willis and R. S. Strahan*, for respondent.

By the Court, WALDO, J.:

This is an appeal from the judgment of the circuit court for Douglas county, dismissing a writ of review directed to the county court of said county acting as a board of county commissioners.

On the first day of September, 1879, a petition was pre-sented to said court, acting as a county board, signed by the requisite number of freeholders, praying said court to lay out and open a road upon a route therein described, and the fol-lowing copy of the notice and proof of service was filed with the petition :

" NOTICE.—All persons concerned are hereby notified that application will be made to the county court of Douglas county, Oregon, at the next session, for laying out and locat-ing a county road beginning at the northeast corner of the town of Looking Glass, in section 35 in township 27 S., in range 7 W., in same county and state; thence north to the southwest corner of Peter Burns' lot, in section 36 in said township and range; thence in an easterly course on the line and grade of the Coos Bay military wagon road, as now traveled, to the west line of Stephen Minard's fence; thence around the foot of the hill on the original survey line and grade of said Coos Bay wagon road to the South Umpqua river at Owen's ferry, opposite the town of Roseburg.

" A. H. KENNEDY,

"July 28, 1879.          Attorney for Applicants."

" STATE OF OREGON, }
     " County of Douglas. } *ss.*

" A. H. Kennedy, being first duly sworn, upon his oath, says: I gave notice, by advertisement posted at the place of holding county court, and also in three public places in the vicinity of said proposed road, thirty days previous to the presentation of said petition (in the notice hereunto annexed mentioned) to the county court, notifying all persons con-cerned that application will be made to said county court at their next session for laying out a county road, as in said notice mentioned, a true and correct copy of which notice is above set forth.                    A. H. KENNEDY.

" Subscribed and sworn before me this first day of Septem-ber, 1879.                    T. R. SHERIDAN,

" County Clerk."

Upon such petition and notice, such proceedings were had by the county court that, on the 8th day of January, 1880, the said proposed road was ordered to be opened and declared to be a public highway.

On the 7th day of April, 1880, the appellant, a land owner, a portion of whose land had been taken for the use of the road, presented his petition for a writ of review to the circuit court for Douglas county, and a writ was thereupon issued, directed to said board, commanding them to certify their proceedings to said circuit court, and upon a hearing upon the return to said writ, judgment was rendered dismissing the writ, from which said judgment appellant appeals to this court.

Section 3, General Laws of Oregon, page 721, requires that when a petition for laying out a road is presented for the action of the county court, it shall be accompanied by satisfactory proof that notice has been given by advertisement posted at the place of holding county court, and also in three public places in the vicinity of said proposed road, notifying all persons concerned that application will be made at the next session of the county court for laying out said road.

The laying out and opening of a public road through the land of a private person is a taking of his property for public use, and notice must be given him of the proceeding. Says Campbell, C. J., in *Strachen* v. *Drain Commissioners*, 39 Michigan, 170: "We must hold, as was held in *Swan* v. *Williams*, 2 Mich., that although the statute is silent on the subject of notice, its necessity is implied when private property is invaded."

In *Langford* v. *Ramsey county*, 16 Minn., 375, it was laid down, that an act of the legislature to locate and establish a state road from the city of St. Paul, in the county of Ramsey, to the city of St. Anthony, in the county of Hennepin, and appointing three commissioners to determine the damages to owners of land taken for the road, without notice to such owners, was *void.*

" In all judicial, or quasi-judicial proceedings affecting the

rights of the citizen, it is a fundamental principle that he shall have notice." (*Cahoon* v. *Coe*, 57 N. H., 598.     See also, *State* v. *Road Commissioner*, 12 Vroom, 89; *Dickey* v. *Tennyson*, 27 Mo., 370; *Abbott* v. *Lindonbower*, 42 Mo., 161; *Corliss* v. *Corliss*, 8 Vt., 389; *Howard* v. *Hutchinson*, 10 Maine, 335; *Siefert* v. *Brooks*, 34 Wis., 384; *Lancaster* v. *Pope*, 1 Mass., 86.)

The right to notice springs out of this principle: The power of the government to take private property for public purposes is not absolute.     It is qualified by the obligation to make compensation to the owner.     This compensation cannot be made *ex parte*. Thus, in *Lancaster* v. *Pope*, above, Thatcher, J., says: " The counsel for the town has referred the court to the tenth article of the bill of rights of the constitution, to prove that property cannot be appropriated to the public use without compensation; and he says, justly, that this constitutional provision will be violated in this instance, unless by ' seasonable notice' the town has an opportunity to defend its interest."

The office performed by such notice is explained in *Dupont* v. *Highway Commissioners*, 28 Michigan, which was a case of the laying out of a highway, alleged to be void, among other reasons, because the record failed to show that notice had been given to interested parties.     " The notice," says Cooly, J., " is in the nature of process."     See also *Siebert* v. *Linton*, 5 W. Va., 57; *Wolford* v. *Lebanon*, 4 Colorado, 117; *Schneider* v. *McFarland*, 2 N. Y., 462; *Cruger* v. *Hudson River Railroad Company*, 12 N. Y., 200, 201; *Scammon* v. *City of Chicago*, 40 Illinois, 146; *Driver* v. *McAllister*, 1 Wash. Ter., 368.

According to the theory of the common law, all power of judicature flowed from the crown, and courts had no power to compel a party to appear, or to proceed to the determination of a cause, until the king, by his original writ, had issued his command to the sheriff to summon the defendant before them. Here " the state is the sovereign by whose power alone the

citizen can be compelled to appear in its courts to answer an action brought against him." (*Curtis* v. *McCullough*, 3 Nevada, 210; *Curry* v. *Hinman*, 11 Ill., 420.)

Hence, since the notice is in the nature of process to bring a party before a tribunal exercising judicial powers, it must be given by some one authorized by the state to give it.

Notice, in the sense of the statute, does not mean knowledge. Actual knowledge, or the want of it, cannot be shown. It means the statutory instrumentality of knowledge—the formal process, emanating from the source and served in the manner prescribed by the statute.    The advertisement is the process and the posting in the public places is the service. The notice, then, must be issued by persons authorized by law to issue it; and it seems clear that this fact must be shown on its face by proper authentication, as more formal process must show it.    No person can be summoned before a legal tribunal but in pursuance of law, and by persons authorized by law to summon him.

Turning now to the statute, we find that the petition must be signed by the petitioners, and that such petition, when presented, must be accompanied by proof that notice has been given to all interested parties.    The parties moving in the proceeding are the petitioners, and it is clear that they are authorized by the statute to give notice, because they are compelled to furnish proof that notice has been given. This necessarily implies, in the absence of other provision, that they are authorized to give the notice.    "Whenever a power is given by a statute, everything necessary to the making it effectual, is given by implication."    (Pot. Dwarris on Statutes, 123.)

This much plainly appears: That the authority of the petitioners to give the notice is as effectually supplied by intendment as though it had been given by express words.    "That which is implied in a statute is as much a part of it as what is expressed."

Now, whoever asserts more than this—whoever asserts that

the statute which authorizes the petitioners to give notice, also authorizes one not a party to the proceeding to invest himself with the sovereign power of the state for the purpose of giving notice—must show affirmatively where that power is to be found. It is certain it must be gotten from the statute, if at all, by implication. It is said that the statute does not require any particular person or persons to give the notice, and therefore any person may give it. But at the first step in the construction of the statute, we find the petitioners invested with this power. We find that the notice which these powers are empowered to give, is in the nature of process to bring a party into court; and, further, that no person can exercise such power unless specially authorized, which, as to the petitioners, as we have seen, is deduced from the statute by necessary implication. Hence, if such power is found in the statute, it cannot be by implication in the sense of implying that which is necessary to make the act effectual. But by what other or less degree of implication can it be found there? Where a plain, simple, sensible construction has been given to a statute, nothing more can be incorporated into it by implication. And, further, since the statute requires notice to be given, it must be some one's duty to give it. It cannot be the duty of a stranger. It must, therefore, be the duty of the petitioners; and hence, the proposition that the statute does not require particular persons to give the notice, cannot be true.

The able counsel for the respondent, among other cases, cited *Wright* v. *Wells*, 29 Ind., 354, which was an appeal from an order of the board of county commissioners abolishing a highway. It seems that the statute required notice of intention to present a petition, to be given " by publication three weeks successively, in a newspaper published in the county, or by posting up notices in three of the most public places in the neighborhood of the highway." Objection was made rather to the affidavit filed as proof of service, than to the form of the notice itself. On this point, the court merely say,

" it is proper to notice an objection made in argument to the notice itself, claiming that it was void, because not signed by one or more of the petitioners. We do not think a signature to the notice is required by the statute." Counsel admitted that notice would have been in due form if signed by one of the petitioners. No good reason can be given why signing by but one petitioner should be sufficient. We might very well acquiesce in the decision so far as it passed upon the objection actually made. But if the case is to be regarded as holding that under a statute like our own, the notice need not be signed by the petitioners, or signed at all, it is entitled to no weight. In another part of the case the court went so far as to hold that the county commissioners acquired jurisdiction, where the only proof of service shown by the record stated no more than due notice had been given.

The case of *The People* v. *Carpenter*, 24 N. Y., 86, arose under an act of the legislature of New York, entitled an act to vest in the board of supervisors certain legislative powers, and relates to the alteration of the boundaries of towns, or to the erection of new towns. The second section of the act provided that notice in writing of the intended application to divide a town, subscribed by at least twelve freeholders of the town to be affected, should be posted in five of the most public places of the town, four weeks previous to the intended application, and a copy of such notice should also be published in the county newspapers. The notice published in the newspapers did not contain the names of the twelve freeholders. The court say, on this point, that the statute did not require the notice published in the newspapers to be so subscribed. The decision is an interpretation of the words "such notice," as used in the statute, and is to the effect that the names of the freeholders subscribed to the notices published in the public places were not a part of such notices. The process of reasoning by which this conclusion is reached is not set forth. The proceeding was not judicial, which alone is sufficient to exclude the case from being considered authority here.

*Peavey* v. *Wolfborough*, 37 N. H., 286, was a case where the town objected to the acceptance of a report of the commissioners of highways ordering the laying out of a highway, because, among other reasons, the notice was signed by but one of the commissioners as chairman. But the notice purported on its face to be given by the board as its act, and that the notice was signed by but one member of the board as chairman, only involves the question of proper attestation where a written notice is to be given by a board.

*Eaton* v. *Supervisors*, 42 Wis., 317, was also cited for the respondent. It was a case were a notice of appeal was not signed by the appellant, or by any one for him. The court held the notice bad; but add that they were not prepared to say that when a written notice is required to be given by a party under a statute, or rule, not expressly directing it to be signed, and when the party himself serves the notice unsigned, the absence of signature may not be cured by service in person. This case is not in the respondent's favor, since, where the notice is constructive, the service cannot be made in person, and there would be nothing to cure the defect of want of signature, if it could be cured in that way, which the court do not say, but merely decline to express an opinion.

Looking now to the cases cited by counsel for appellant, we find in *State* v. *Otoe county*, 6 Neb., 129, 133, a statute requiring, "whenever the inhabitants in any county desire the opening of a new road, or the discontinuance or change of any road heretofore established, they shall give at least twenty days' notice, by posting the notice on the court-house door, and at three other places in the vicinity of the road sought to be located." Under this statute it was held that the notice must be signed by the petitioners. Counsel for respondent seeks to avoid the force of this authority on the ground that the statute expressly says that " they " (the petitioners), shall give notice; but, as has been shown, that is what our statute impliedly says.

It appears, too, from the case of *State* v. *Officer*, 4 Or., 180,

that there is a dictum by this court, shadowing forth the same view. Bonham, J., in delivering the opinion in that case, says: " The county court, in its proceedings for the location of public highways, to condemn the lands of private persons to public use, is only required to cause constructive notice to be given by the petitioners of their application for that purpose.

Again: If the notice be viewed but as an incident in the proceeding, coming from one party to another, not as an implied mandate, but for the purpose of giving knowledge of some step in the case, it is still essential that the notice should be signed by the petitioners. The notice must come from an authentic source—that is, from the petitioners. (*Kilmer* v. *Hathorn,* 78 N. Y., 228; *Fry* v. *Bennett,* 16 How. Pr., 402.)

In Potwine's appeal, 31 Conn., 381, 384, the court say: " In legal proceedings, and in respect to public matters, the word notified is generally, if not universally, used as importing a notice given by some person whose duty it was to give it, in some manner prescribed, and to some person entitled to receive it or be notified."

The fact that the notice is to be in writing, implies a signing. The words, in writing, import, by their own proper force, that everything essential to a valid notice must be in writing. (*Graves* v. *Adams,* 8 Vermont, 134; *Taylor* v. *Burnap,* 39 Mich., 739; Road Notices, 5 Harr., Del., 324; *Verder* v. *The Town of Lima,* 19 Wis., 291, 292.)

. The posting up of proper notices being essential to the jurisdiction of the court over the proceedings to lay out the road, the defect is not cured by the appearance of the appellant. (*Burch* v. *Detroit,* 32 Mich., 43; *the King* v. *Croke,* Cowper, 26, 30; *Dwight* v. *City Council of Springfield,* 4 Gray, 107.)

It would seem, also, that the proof of the posting of the notices should be more definite than what is found in the general statement that they were posted " in three public places in the vicinity of the road." The following authorities, indeed, support the sufficiency of the proof found in the record:

*Wright* v. *Wells*, 29 Ind., 354; *McCallister* v. *Shuey*, 24 Iowa, 362; *Carr* v. *Fayette county*, 37 Iowa, 608.

But if the question: " What is a public place?" be a mixed question of law and fact, as laid down in *Cahoon* v. *Coe*, 57 N. H., 572, and *Russell* v. *Dyer*, 40 N. H., 173, the proof furnished by the affidavit of A. H. Kennedy is plainly insufficient.   In *State* v. *Williams*, 25 Maine, 561, in a statute requiring a notice to be posted in a public and conspicuous place, the court say that the proof should show the place where the notice was posted.   The record should show the facts, so that the court can see whether the notice has been posted in a public place or not.   (*Dupont* v. *Highway Commissioners*, 28 Mich., 362; *People* v. *Commissioners*, 14 Mich., 527; *State* v. *Officer*, 4 Oregon, 184.)

But any question as to the sufficiency of the proof of service becomes unimportant where the record discloses, as it does in this case, that no legal notice has been given. The proceedings of the county court were void and should have been quashed.

The judgment of the circuit court must be reversed.