Argued April 11, decided April 25; rehearing denied June 13, 1911.

## DEAN *v.* WASHINGTON NAVIGATION CO.

[115 Pac. 284.]

FERRIES—FRANCHISES—POWER TO GRANT—COURTS—JURISDICTION.
1. The county court, when exercising the power to license ferries and fix the rates of ferriage, as authorized by Section 937, L. O. L., is a tribunal of limited jurisdiction, and its record must show affirmatively a compliance with the statute regulating ferries.

FERRIES—LICENSES—RENEWALS—CONDITIONS PRECEDENT.
2. Under Section 6492, L. O. L., authorizing the renewal of ferry licenses, an original ferry license is essential as a foundation for an alleged renewal, and one seeking the renewal of a license must show the validity of the original license.

FERRIES—LICENSE—STATUTORY PROCEEDINGS.
3. Under Section 6491, L. O. L., prohibiting the granting of a ferry license to any person other than the owner of land adjoining the stream where the ferry is proposed to be kept, unless the landing place is at the end of a street, or unless the owner of the land has neglected to apply for such a license, and providing that, when application is made for a license by one not the owner, the court shall not grant the same in the absence of proof of notice of intention, unless the landing place is at the end of a street, one seeking to obtain a ferry must either show that he is the owner of the landing place of the proposed ferry, or that it is at the end of a street, or that the owner has neglected to apply for a license, and that he has been served with notice of the application.

FERRIES—LICENSES—COURTS—JURISDICTION.
4. The jurisdiction of the county court granting a ferry license under Section 6491, L. O. L., must be shown affirmatively by its record, and a recital in its record on the renewal of a license is insufficient to show the jurisdiction of the court to issue the original license.

From Wasco:   WILLIAM L. BRADSHAW, Judge.

This is a suit by O. C. Dean, Andrew Pearson, Alfred Shepler and Theodore Shepler, partners doing business under the firm name of Dean & Pearson, against the Washington Navigation Company, a corporation, W. S. Chapman, C. D. Moore and William Priest, to enjoin the defendants from maintaining a rival ferry across the Columbia River between Hood River, Oregon, and White Salmon, Washington.  There was a decree in the lower court in favor of plaintiffs, and defendants appeal.

REVERSED:  SUIT DISMISSED.

For appellants there was a brief with oral arguments by *Messrs Carter & Dufur*, and *Mr. Hayward H. Riddell.*

For respondents there was a brief with oral arguments by *Mr. Andrew A. Jayne* and *Mr. William H. Wilson.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The plaintiffs here, alleging that they are the owners and operators of a regularly licensed ferry across the Columbia River between Hood River, Oregon, and White Salmon, Washington, bring this suit to enjoin the defendants from maintaining a rival ferry between the same points. The averment of the existence of a duly licensed ferry under the ownership of plaintiffs was denied, and as an essential element of their complaint it became necessary for them to prove it. This involves the regularity of the proceedings of the county court of Wasco County under which the plaintiffs claim.

1. The county court has authority and power in this respect " to license ferries and fix the rates of ferriage." Section 937, L. O. L. It has often been held, beginning as early as *Johns* v. *Marion County,* 4 Or. 46; and in many later cases, that, when transacting such business, the county court is a tribunal of limited jurisdiction. In respect to ferry licenses, it is required by Section 6491, L. O. L., that, "unless otherwise provided by law, no such license shall be granted to any person other than the owner of the land embracing or adjoining such lake or stream where the ferry is proposed to be kept, unless the landing place of such proposed ferry shall be at the end of a street in an incorporated city or town, or unless the owner shall neglect to apply for such license; and whenever application shall be made for a license by any person other than such owner, the county court shall not grant the same unless proof be made that the applicant caused notice in writing of his intention to make such application to be given to such owner, if residing in the county,

at least ten days before the term of court at which application is made, unless the landing place of such proposed ferry shall be at the end of a street in an incorporated city or town as aforesaid." Section 6492 provides that "every person intending to apply for a license to keep a ferry at any place shall give notice of such intention by posting up at least three notices in public places in the neighborhood where the ferry is proposed to be kept twenty days prior to any regular term of the county court at which the application shall be made; provided, that when application shall be made for the renewal of a license where the former license has expired, the same may be granted or renewed without previous notice or petition." It is contended in the evidence and argument of counsel that the license of the plaintiffs alluded to, but not so described in their complaint, was a renewal of a former license, and hence no notice of the application for the same was necessary, but, unless there was a former valid license, there could be no renewal within the meaning of Section 6492.

2. It was incumbent upon the plaintiffs in order to sustain the allegation of a license duly issued to show that notice of the original application had been given to the landowner where the ferry was proposed to be kept. In brief, it was incumbent upon them to duly prove their original license as a foundation for the alleged renewal. It is conceded throughout the case that the plaintiffs do not own the land where the ferry is located on the Oregon side.

3. To form a proper foundation for a proceeding to obtain a license the petition to the county court should either show that the petitioner is the owner of the land at the point of embarkation of the proposed ferry, or he must, if not such owner, bring himself within the exceptions of the statute that the landing place is at the end of a street in an incorporated city or town, or that the

owner of the land has neglected to apply for a license, and the latter exception should be coupled with proof that the landowner has been served with notice in writing of the proposed application.

4. Moreover, it is a uniform requisite to the jurisdiction of the county court in such cases that some showing should appear in its record that notice of the application was given by posting up the same in at least three public places in the neighborhood where the ferry is proposed to be kept for 20 days prior to the time of making the application. The record is silent respecting any such notices. An abortive attempt was made by oral testimony at the trial to show that some notice was given, but that would not aid the record of the county court. It is essential to the jurisdiction of the court that the notice should not only have been given, but that proof thereof as required by law should be on file in that court before it proceeded to act. The recitals of the record on the renewal of the license are not sufficient to show that the court had jurisdiction in the original instance.

It is not necessary to consider the question of whether the county court of Wasco County could license a ferry crossing an interstate boundary or any of the other questions in this case. The plaintiffs have failed to establish the essential allegation of their complaint, to wit, the ownership of a duly licensed ferry. The case is within the meaning of *State* v. *Officer,* 4 Or. 180, where the defendant was indicted for obstructing a county road, and on a plea of not guilty it was held to be incumbent upon the state to show affirmatively that the county court had jurisdiction of the person and of the subject-matter affected by its proceedings in laying out the county road, and, the record being defective in that respect, no cause of action existed against the defendant for obstructing the supposed highway.

A decree will be entered dismissing the suit.

REVERSED: SUIT DISMISSED.