## BENJAMIN HOBART *vs.* COUNTY OF PLYMOUTH.

On the trial by a jury of a petition under the Gen. Sts. *c.* 43, §§ 19, 20, by a person aggrieved by doings of county commissioners in altering a highway, it is not competent for the jury to make any alteration other than that prayed for by him; nor elsewhere than between the termini on his land.

On the trial by a jury of a petition under the Gen. Sts. *c.* 43, §§ 19, 20, evidence is incompetent that some alteration other than that specified by the petitioner will make the way more convenient for public travel; and it is immaterial that the town in which the way is located has passed a vote indicating that in the opinion of the town meeting some revision of the new location is desirable.

On the petition of citizens of a town in which a highway was located, representing that the way was narrow, crooked and inconvenient, and praying that it "may be widened, straightened, and newly located, and such parts discontinued as may be rendered unnecessary by such locations and alterations," the county commissioners voted "to widen the highway" to a certain point; thence "to locate a new highway" to a point on the line of the old way; and thence "to widen the highway" for an additional distance; all these changes being described, in the vote, by courses, metes and bounds. Betwixt the points in the old way between which an entirely new location was thus made, another public way entered it. *Held*, that the change in the way between these last named points was, in legal effect, only an alteration of the old location. *Held*, also, that a discontinuance of so much of the old way as was not included in the new location, nor necessary for the travel of the connecting way, resulted from such alteration, without any words of discontinuance in the vote of the commissioners.

On the trial by a jury of a petition under the Gen. Sts. *c.* 43, §§ 19, 20, by a person aggrieved by doings of county commissioners in altering a highway on his land and assessing his damages for the alteration, praying for other alterations and a reassessment, the petitioner and the county having both introduced evidence, without objection, tending to show that for the purpose of making the alterations gravel might be obtained from other land forming part of the petitioner's house lot on a connecting highway, *Held*, that, in order to show that it might be so obtained without injury to the petitioner, evidence was competent of his admissions that it would not injure his house lot to cut said connecting way down a foot and a half.

On the trial by a jury of a petition under the Gen. Sts. *c.* 43, §§ 19, 20, by a person aggrieved by doings of county commissioners under § 12 in altering a highway, oral testimony is inadmissible of the contents of the return of the commissioners under § 13.

Exceptions to the allowance of a question to a witness which do not show that his reply injured the excepting party must be overruled.

On a trial to assess damages for the taking of land and buildings in altering a highway, evidence that an old wall stood between the buildings and the middle of the way from seventy-five till thirty-five or forty years previously when it was demolished, is insufficient to warrant the jury in finding that the way was limited by the line of that wall so as to entitle the abutter to damages for the taking of the strip of land between that line and the buildings.

Exceptions will not be sustained on account of the exclusion of evidence offered to prove a fact, but insufficient for the purpose, if no other evidence as to the fact is either introduced or offered.

PETITION under the Gen. Sts. *c.* 43, §§ 19, 20, to the county commissioners of Plymouth, setting forth that "whereas, at a regular meeting of the county commissioners on January 2, 1866, they laid out and established a new piece of highway, about six hundred feet in length, betwixt certain termini on South Avenue in South Abington, in front of the dwelling-house of the said petitioner, for which they awarded damages for land taken, removing buildings, stone walls, fruit and ornamental trees, which were not adequate for such taking and the inconvenience it occasioned said petitioner, therefore said petitioner prays that a jury may be granted and summoned to take the matter into consideration, and a further sum awarded the said petitioner as compensation, if in their opinion he is entitled thereto ; and also, that the same jury may revise, change or alter any portion of said highway as before described and laid out by said county commissioners, according to and within the provisions of a statute of this Commonwealth, if in their opinion such alterations are required and are within their jurisdiction."

The return of the county commissioners, under the Gen. Sts. *c.* 43, § 13, for the laying out of the piece of highway in question, showed that their proceedings in relation thereto were founded on a petition of citizens of Abington representing that South Avenue and Pleasant Street, which connected with it, were narrow, crooked and inconvenient, and "the public good required that the same be widened, straightened and new located," and praying "that a view of the same may be had, and that the same may be widened, straightened and new located, and such parts discontinued as may be rendered unnecessary by such locations and alterations." It further showed that after due notice and hearing the commissioners voted to "widen and straighten and new locate said highways as follows:" first, for a certain distance, "to widen the highway known as South Avenue," between certain bounds specified; then "to locate a new highway, beginning at a stake set in the ground in the southerly line of South Avenue" and thence running in a specified line, in part on land of the petitioner, "to the highway and to a stake, said section of highway to extend fifty feet in width

on the northerly side of said line;" and finally, for a certain distance, " to widen said highway on the northerly side of said avenue," beginning " at a point fifty feet from and at right angles with the last named stake." And it showed also that the commissioners at the same time ordered the work to be done by and the expense to be assessed on the town of Abington, and awarded damages " to the several persons and corporations whose lands are taken for said widenings and locations;" among others, to this petitioner in the sum of $890.

The first jury summoned under his petition failed to agree on a verdict; whereupon a warrant was issued for another jury, and, at the request of the petitioner, William H. Wood was appointed to preside at the trial, who certified to the superior court his rulings, with a verdict " that it is not necessary and proper that any alterations be made in the highway" and assessing the damages of the petitioner in the sum of $775. The superior court ordered that this verdict be accepted and judgment entered thereon; and the petitioner appealed.

The certificate of the proceedings at the second trial showed that, after the petition and the warrant for the jury had been read, the counsel for the respondents objected to any proceeding by the jury in the matter of the location of the way, because " no specific alterations were prayed for by the petitioner between the termini as established by the commissioners;" that the presiding officer " overruled this objection, but suggested to the counsel that they should specify what alteration the petitioner prayed for;" and that the petitioner's counsel afterwards filed a specification in writing of the alterations which he desired, all of them being confined to the petitioner's own land.

The other portions of the certificate which are material were as follows:

One of the selectmen of Abington, on examination as a witness, produced a copy, attested by the town clerk, of the record of a vote of the town at a town meeting held on October 24, 1866, " to adopt" an article in the warrant for the meeting, which was, " to see if the town will direct the selectmen to petition the county commissioners to discontinue the new location

of the road on South Avenue near the house of Benjamin Hobart" and " widen and straighten South Avenue " in a different manner; " or otherwise that the selectmen act as in their judgment the best interest of the town may require, in relation to said road." This copy the petitioner offered in evidence; but it was excluded by the presiding officer.

Luther Briggs, a witness for the petitioner, and by occupation a surveyor, being under examination, the petitioner proposed to prove by him " that some change in the commissioners' location, other than the one specified in the petitioner's specification, would make the road more convenient for travel than the commissioners' location; " but, on the objection of the respondents to such testimony, the presiding officer ruled " that, inasmuch as the petitioner had specified the particular alteration which he prayed for, he must be confined in his evidence to that particular location, and could not give in evidence the advantages of any other alteration; " and excluded the testimony; and also ruled " that the jury were confined to the termini upon the petitioner's land, and could only make alterations between those termini, and could make no alteration other than the one prayed for in the petitioner's specification; " and further ruled " that it appeared from the whole record of the county commissioners in the premises, that the part of South Avenue, from the point where the new way located by the county commissioners leaves the old road to the point where the said new way joins the old road, so far as not included in and necessary for the travel of other roads entering thereon, was discontinued."

A plan of the premises, used in the argument, showed that Pleasant Street entered South Avenue between the two points on the avenue between which the commissioners voted " to locate a new highway."

" Charles H. Paine, one of the county commissioners, being examined as a witness, was asked ' What conversation did you have with the petitioner in relation to cutting down Pleasant Street in front of his house, at the time of the adjudication ? The question was objected to, but the presiding officer ruled that, inasmuch as both parties had put in evidence, without

objection, tending to show that gravel might be obtained from that locality for the purpose of making the alterations in the highway contemplated, the question might be put to show that gravel might be there obtained without injury to the petitioner. In answer, the witness stated that he had a conversation with the petitioner at the time mentioned; and that the petitioner said that it would not injure his premises to cut down the road one foot, and afterwards admitted that to cut down one foot and a half would not injure them. The following question was also put to Mr. Paine : ' Did the commissioners, in their return of the laying out of this road, determine and specify the manner in which such new highway should be made, and also the time within which it should be completed?' This was objected to, and ruled out, because a matter of record.

" A witness, called as an expert in the value of real estate, was asked ' What is the effect, in your opinion, of the county commissioners' location, upon the petitioner's land and buildings upon the north side of the highway?' It appeared in evidence that the petitioner owned the land on both sides of the highway, and nothing intervened between his land on the north side of the highway and the land taken by the commissioners' location, except the old highway. The question was objected to, but was admitted.

" It appeared that the petitioner owned certain buildings upon the south side of South Avenue standing upon the land taken by the county commissioners' new location. His counsel, in order to prove that some portion of the land between the buildings and the travelled part of the highway belonged to him, called him as a witness, and he testified that he was in the eighty-sixth year of his age ; that at the time of his earliest recollection an old wall was standing between the place where said buildings now are and the centre of the highway ; that thirty-five or forty years ago the old wall was taken down; that he thought he could remember the wall as standing there when he was ten years of age. The evidence was objected to, and the presiding officer ruled that, as it appeared that no wall had existed there since thirty-five or forty years ago, the evidence was

not admissible for the purpose stated, no other evidence being in the case, or being offered, to show the ownership of the land in question."

*J. J. Clarke*, (*P. Simmons* with him,) for the petitioner.

*J. White*, for the respondents.

WELLS, J. The right of the petitioner to have the jury consider his application for a change in the location of the way is not questioned.

His request for a change in the location was not defeated on the ground of a defect in his application ; nor was he required to amend his application by the person presiding at the trial before the jury. Upon a suggestion to that effect, the petitioner voluntarily specified in writing the alterations asked for. The jury were instructed that they could make no alteration other than that prayed for by the petitioner. This we think was proper, and in accordance with the statute. Gen. Sts. *c.* 43, § 20.

It was also ruled that the jury were confined to the termini upon the land of the petitioner, and could make alterations only between those termini. This ruling was correct, and in accordance with decisions of this court. *Merrill* v. *Berkshire*, 11 Pick. 269. *Lanesborough* v. *County Commissioners*, 22 Pick. 278. *Gloucester* v. *County Commissioners*, 3 Met. 375.

For the same reasons, the testimony offered to prove that some change, other than that specified by the petitioner, would make the road more convenient for public travel than the location made by the commissioners, was properly excluded. The public convenience is not the ground upon which the authority to make alterations is given to the jury. That consideration is intrusted to the commissioners. The jury are not to disregard it in making such limited revision of the location as is within their power. But the ground of their action is relief to the individual petitioner, in connection with their consideration of the damages suffered by him by reason of the location. They are to regard the matter of his complaint; and may relieve the burden upon him, either by modifying the location upon his

land so as to make it less objectionable to him, or may increase the compensation allowed to him for the injury he suffers.

The vote of the town could have no bearing upon the questions before the jury, and was properly excluded.

The ruling that the new location operated as a discontinuance of so much of the old road as was not included in the new location, and " not included in and necessary for the travel of other roads entering thereon," was substantially correct, and gives the petitioner no ground of exception. The commissioners, in their report, do indeed state, in regard to the portion of the new location which crosses the petitioner's land, that they " then proceeded to locate a new highway." But the whole proceeding, taken together, is one of mere alteration and new location of an old road. The petition, as recited in their report, prays for that and nothing else, except for the discontinuance of such parts as may thereby be rendered unnecessary. The location, as described in the report, begins and ends with alterations specifically. The intermediate portion must therefore be regarded as an alteration only, in its legal effect, notwithstanding the fact that it is called "a new highway." *Goodwin* v. *Marblehead*, 1 Allen, 37. The commissioners had no authority, upon such a petition, to lay out a new highway. *Commonwealth* v. *Cambridge*, 7 Mass. 158. The location which they did in fact make will be construed, if it can be, in such manner as to sustain its validity. *Commonwealth* v. *County Commissioners*, 8 Pick. 343. A discontinuance of so much of the old road as is not included in the new location results from the alteration, *ipso facto*, without any words of discontinuance. *Johnson* v. *Wyman*, 9 Gray, 186. *Bowley* v. *Walker*, 8 Allen, 21. The extent of land which would remain subject to the public easement, for the use of the road connecting with South Avenue, could not well be defined with more precision than it was by the ruling.

The testimony of Mr. Paine, as to the petitioner's admissions that it would not injure his premises to cut down the road one foot or more, in order to obtain material for construction of the alterations, was competent evidence against him, and properly admitted.

The inquiry as to what was specified in the return of the commissioners was properly excluded. The return itself was the best evidence of what it contained.

It does not appear that the witness, examined as an expert, testified to anything that was prejudicial to the petitioner. The report shows no ground for exception upon that point. *Bates* v. *Barber*, 4 Cush. 107.

The only remaining question relates to the evidence of an old wall which had once stood between the petitioner's buildings and the centre of the highway. This was offered to show that the limits of the old road did not extend so far as to those buildings, and consequently that the petitioner was entitled to damages for the land between his buildings and the line of the wall, when taken for the new location. We perceive no reason why such evidence would not be competent upon that question. We infer from the report that the precise boundaries of the road were not known, or could not be made certain by the records or by monuments. As it appeared that this wall had not been in existence for thirty five or forty years, and the report proceeds to state that there was no other evidence in the case, or offered, to show the ownership of the land in question, the provisions of the Gen. Sts. *c.* 46, § 1, would govern, and require the buildings to be deemed and taken to be the true boundaries of the highway. *Morton* v. *Moore*, 15 Gray, 573. *Pettingill* v. *Porter*, 3 Allen, 349. As the jury would not have been authorized, upon this testimony alone, to have found that the highway was limited by the line of the old wall, the petitioner has suffered no prejudice by the exclusion of the testimony. *Davis* v. *Maxwell*, 12 Met. 286. *Bean* v. *Hubbard*, 4 Cush. 85.

The judgment of the superior court, accepting the **verdict of the jury**, is therefore affirmed.