# THE SUPREME COURT

OF

# OREGON.

## MARCH TERM, 1884.

[Filed April 21, 1884.]

## HENRY DAVENPORT *v.* L. B. MAGOON.*

WASTE, DEFINITION OF.—To constitute waste, the injury to real property must be of a permanent character, some unauthorized act of the tenant which does a lasting injury, or tends to destroy its identity.

SAME—LEASE.—A stipulation in a lease, that the lessee "may make alterations in the building now on said lands so as to adapt it to other business than that of a livery stable," does not confer a power to tear down and destroy such building, even though he should erect a better or more expensive one in its place.

MULTNOMAH COUNTY. Plaintiff appeals. Reversed.

*C. B. Bellinger*, for Appellant.

*B. Killen* and *J. C. Moreland*, for Respondent.

LORD, J. This is a suit for an injunction to restrain the defendant from tearing down or removing a certain

---

* This and the two following opinions were omitted, probably by an oversight, from 11 Oregon, where, in due course, they would have appeared.— REPORTER.

building, and from erecting another and different building. It appears that on the seventeenth day of May, 1883, the plaintiff leased to defendant, for a term of years, lots 5 and 6, in block 13, in the city of Portland, at the monthly rent of $250, to be paid to the defendant, and he to make street improvements and repairs, and to keep the building in repair during the term, " except in case of damage by fire or unavoidable accident or casualty, in which case the plaintiff agrees that he will promptly repair or rebuild the same as the building now is, and that no rent shall be collected while the building is unfit for occupation by reason of fire or casualty."

The lessee has a right to construct a building on the east end of said lots not now covered by the brick building, for which the lessor is to pay at the end of the term; and the brick building now upon said lots is 80 by 100 feet, and covers the whole of the lots, excepting about 20 by 100 feet at the east end.

A clause in the lease is as follows: "Said Magoon (defendant) may sublet said premises, or any part thereof, and may make alterations in the building now on said lands so as to adapt it to other business than that of a livery stable." The building standing upon said lots at the commencement of this suit was one and a half stories high, and 100 by 80 feet long, and adapted to the livery-stable business. The complaint alleges that while the defendant, under his lease, has only authority to repair or alter said building so as to adapt it to other than the livery business, yet he threatens to, and unless restrained by an order of the court will immediately, tear down and destroy the said building, and will rebuild on said lots a new and different structure.

That the said building which the defendant threatens to and is about to construct is to be 100 feet by 95 in area, two full stories high, with sixteen openings on each

floor on Second Street, and seven openings below, and eight openings above on Taylor Street, and will cost $————, and is to be so constructed as to be adapted solely to the use of a class of persons known as Chinese.

That said class, in their habits of life and methods of business, are different from, and alien and repugnant to, any and all other classes doing business in the county. And plaintiff further alleges that if the defendant is permitted to build upon said lots such a structure as proposed, it will be unsuitable and useless for occupancy for any purpose of any other persons than Chinese, and that the destruction of the building now on said lots will be a great and irreparable injury to plaintiff.

The complaint further shows that by the terms of the lease, if the building shall be damaged or destroyed by fire or other casualty, the plaintiff shall repair or rebuild, and that the rent shall cease while the building is unfit for occupation by reason of such damage or destruction, and that if the defendant is permitted to construct said building as he threatens to do, the danger thereto from fire will be greatly increased above that to which the present structure is exposed, and that plaintiff's liability as to repairs, and rebuilding, and loss of rent will be greatly increased. And further, that in case of damage or destruction of said building by fire or other casualty, the plaintiff is required to rebuild or repair the same as the building now is.

That if the defendant is permitted to build such a structure as he proposes to, the plaintiff will be precluded, in case of partial destruction of said building from the aforesaid causes, from rebuilding said structure as the building now is. That such rebuilding will be impossible, and that plaintiff, in such case, will be compelled to rebuild, at much greater expense, a different and more costly structure, or lose the rental provided for in said

lease; by reason whereof, and of the matters and things theretofore alleged in the complaint, the plaintiff will suffer great and irreparable injury, and that he has no plain, speedy, or adequate remedy at law.

The defendant filed a demurrer to portions of the complaint, and to the whole complaint, upon the ground that the same does not state facts sufficient to constitute a cause of suit. The demurrer was sustained by the court, and a decree made and entered dismissing the complaint, and from this ruling of the court and decree the plaintiff appeals.

The theory upon which the plaintiff bases his suit is that the threatened destruction of his building for the purpose of erecting another and different structure is waste, which is unauthorized by the terms of the lease, and entitles him to the relief prayed for. As the facts are conceded by the demurrer, there can be no doubt of the right of the plaintiff to relief by injunction, if the acts threatened to be done as alleged are in violation of the terms of the lease and constitute waste. (High on Injunctions, sec. 655; Wood's Landlord and Tenant, sec. 428; Taylor's Landlord and Tenant, sec. 891.) Waste is defined to be " a spoil or destruction in houses, gardens, trees, or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion." (2 Bla. Com. 281; 2 Bouv., tit. Waste.) " The destruction or material alteration of any part of a tenement by a tenant (for life or years) to the injury of the person entitled to the inheritance." (1 Steph. Com. 241.) " It may be committed as well by destruction of any part of a tenement." (3 Bla. Com. 223; 2 Burrill, tit. Waste.) " It is waste to alter buildings or vary in any manner permanent erections." (6 Wait's Act. & Def. 239; Taylor's Landlord and Tenant, sec. 348; Wood's Landlord and Tenant, sec. 420.)

From these definitions, to constitute waste, the injury to real property must be of a permanent character—some act which does a lasting injury to the property, or tends to destroy its identity. And as we have seen, this may be effectually accomplished by any material and substantial alteration of the property. But when the alteration made is authorized by the agreement of the parties, it will not be waste. By the terms of his lease, the defendant is authorized to make alterations in the building. The stipulation is, that he " may make alterations in the building now on said lands so as to adapt it to other business than that of a livery stable." But does the right to make alterations in the building, so as to adapt it to other business than that of a livery stable, confer or include the power to tear down and destroy such building, and to erect or rebuild a new or different structure? To alter, or ": to make alteration " in, a building or thing, it is necessary to vary or change the form or nature of such building or thing without destroying its identity. The idea is, that the identity of the subject is preserved, although the form or nature may have been modified or changed. (Abbott's Law Dict., tit. Alter.) To tear down a building is not to alter, but to destroy its existence as such. " Nothing which ceases to exist can, in any proper sense, be said to be altered. If it is altered, it has merely changed its form or nature, but still has an existence." (*Haynes* v. *State*, 15 Ohio St. 458.) A statutory power to alter a wharf imports a power to extend or diminish it. (*City of Hannibal* v. *Winshell*, 54 Mo. 172.) The effect, then, of making alterations in a building is to change or modify its form without destroying its identity or existence.

From this, we conclude that the right conferred upon the defendant to make alterations in the building, and fit it for some other than the livery business, does not

include nor confer the power to tear down and destroy such building, although he may erect a better or more expensive structure in the place thereof. It simply confers the power to make alterations in a thing existing and to continue to exist, although it may be altered in form. Nor would any one suppose or understand that the authority to make such alterations as would make the building suitable for some other than the livery business, whether that be a foundry or a store, where the change required to be made is in the internal and external arrangements necessary to effectuate the object, would imply the authority to destroy the existing building—the thing to be altered and not destroyed—and erect instead another and different structure. Upon the conceded facts, do the acts threatened by the defendant constitute waste? To pull down or destroy a building, without authority so to do by the tenant, is waste. (Wood's Landlord and Tenant, sec. 420, and notes.) The plaintiff, as landlord, has a right to have the identity of his building preserved, whatever change or modifications may be effected by the alterations in its physical condition. The defendant is without authority under his lease to destroy the existing building, and the acts threatened, if committed, would constitute waste, which equity will prevent by injunction.

This conclusion renders it unnecessary to consider other matters discussed at the argument. It is our judgment that the court erred in sustaining the demurrer and dismissing the bill, and the decree must be reversed.