[Filed December 1, 1890.]

SAMUEL HEIPLE ET AL. *v.* CLACKAMAS COUNTY.

COUNTY COURT—JURISDICTION OVER ROADS.—Under our statute the county court is granted original jurisdiction over the subject of county roads, and in a proper case the circuit court may, upon a writ of review, correct its errors.

AUTHORITY TO ALTER OR VACATE ROADS.—The county court has authority to lay out, alter or vacate a road, and this includes the power to reduce the width of a road to less than sixty feet when the facts would justify it.

ALTER MEANS TO EXTEND OR DIMINISH.—The term "alter" in such connection gives the right or power to extend or diminish so that the width is not beyond that established by the statute.

Clackamas county: FRANK J. TAYLOR, Judge.

Plaintiffs appeal.    Reversed.

*C. D. & D. C. Latourette*, for Appellant.

No appearance *contra.*

LORD, J.—This is an appeal from the judgment of the court below dismissing a writ of review.    The original proceeding was an application to the county court to alter or vacate a part of a county road.    The facts in substance are these:   Some two years ago the resident householders of the locality specified herein undertook to locate and establish a road forty feet in width; that the road was laid out and established, but by some inadvertence the width of the road was not specified in the record, and by operation of law the road became a sixty-foot road instead of a forty-foot road, as the petitioners had intended; that the public travel to be accommodated by such road was limited, part of it being through wood land, and in view of the amount of labor required to keep it in order, and the limited means to do it with, it was thought by those interested that a forty-foot road in width would be sufficient for the public use; that after the road was established, the mistake being discovered, the present application was made in due form to the county court to alter or vacate the road as laid out and established by vacating ten feet on each side so as to make the road of a uniform width of forty feet.    The county court dismissed the petition on the ground that it had no power or authority to act in the premises.    Without further reference, the only question submitted for our determination is, whether the county court is invested with the power or jurisdiction to grant the application and reduce the width of the road as prayed for.

Our statute provides that "all county roads shall be under the supervision of the county court wherein the said road is located; and no county road shall be hereafter established,

nor shall any such road be altered or vacated in any county in this state except by authority of the county court of the proper county." (Section 4061, Hill's Code.) The succeeding section, 4062, further provides that " all applications for laying out, altering or locating county roads shall be by petition in the county court," etc., and section 4063 provides that " when any petition shall be presented for the action of the county court for laying out, alteration or vacation of any county road, it shall be accompanied by satisfactory proof that notice has been given;   *   *   *   that application will be made to the said county court at their next session for laying out, altering or vacating such road, as the case may be." By these sections original jurisdiction is granted to the county court over the subject of county roads, and in a proper case, the circuit court, upon a writ of review, may correct its errors, but it has no concurrent jurisdiction over the subject. By force of these provisions it has the power and jurisdiction to lay out, alter or vacate any county road, as the case may. be, and if so prayed for, establish a width less than sixty feet. (Section 4070.) According to the facts, the court refused to act upon the ground that it had no authority under the statute to grant the application. The only question, then, to be determined is, whether such power or jurisdiction exists in the county court. This must depend on the construction of the words "alter or vacate." "Alter" means to change or modify; to change in form without destroying identity. Where the power conferred upon a municipal corporation authorized it "to open, widen or alter public wharves," and made provision for exercising this power, it was held that "a power to alter a wharf would seem to mean a power to extend or diminish it." (*Hannibal* v. *Winchell*, 54 Mo. 172.) And where a like authority to alter a street or road was conferred upon a municipality, it was held in another case that that included the power to change the grade of the street. (*Waddel* v. *Mayor of New York*, 8 Barb. 95.) So in *Ponder* v. *Shannon*, 54 Ga. 187, it was held that the alteration of an old road involves the dis-

continuance of that part of it which is altered, and that under a citation to alter a road it is competent to discontinue that part of the road which is rendered unnecessary by the alteration. (*Brook* v. *Horton*, 13 Am. & Eng. Corp. Cases, 460.) These decisions indicate the extent to which the word "alter" has been applied in the exercise of a like power, and that, as applied to a wharf, it conferred the power to extend or diminish it; or to a road, the discontinuance of that part of it which is disused by the alteration and which, as applied to the facts upon this record, would authorize or empower the court to reduce the width of the road forty feet, if in its judgment the public accommodation required it. It results, then, that we think within the purview of the statute the court has jurisdiction to act, and is not without statutory authority to grant the prayer of the petitioners. We only decide it has such power; but whether the altera- tion prayed for is or is not of common necessity and con- venience, is for that court to decide.

It results that there was error and the judgment must be reversed and the cause remanded for such further proceed- ing as may be proper in the premises.