JAKE LEVIN, RESPONDENT, v. ALEXANDER HAMILTON, APPELLANT.—218
S. W. 2d 131.

Kansas City Court of Appeals.   Opinion delivered February 7, 1949.

· *Charles V. Garnett* for appellant.

*Charles N. Sadler* for respondent.

SPERRY, C.—Plaintiff sued defendant in unlawful detainer and had judgment for possession and for $325 damages. Defendant appeals.

Plaintiff is the owner of a residence which he leased to defendant for a period of 21 months, beginning July 15, 1941, and which defendant held over, under the lease, from month to month, after the Emergency Price Control Act (50 U. S. C. A. Sec. 90 et seq.) came into existence. The lease provided that defendant should not, without the written consent of plaintiff, "make any alteration, amendments or additions to any of the buildings on said premises, or fixtures therein, * * *." In 1943 defendant, without plaintiff's knowledge, removed two wooden partitions in the basement which, before removal, constituted a maid's room. Plaintiff learned of this action in August, 1947, and immediately notified defendant to replace said partitions on or before September 1st. Defendant refused to replace same and plaintiff served notice to vacate. Defendant failed and refused to vacate and this suit followed.

Defendant's contention is that removal of the partitions did not constitute an alteration, amendment or addition to the building.

The facts are not in dispute. The partitions were made of wood, and were nailed to 2x4 pieces lying on the basement floor. They were 6 feet high and did not come to the ceiling but are attached to the joists thereof. They were so placed, in the corner of the basement, as to constitute a room. Plaintiff had installed this room, for a previous tenant, to be used as a maid's room. Defendant has, since this action was instituted, replaced said partitions in their original position, and testified to the effect that the job occupied him for one day, and required about $34 worth of material. Defendant stated that he removed the partitions that constituted a small room, 8x8,

because the room was too small to be of any utility for his purposes, and because it tended to obstruct the stairway leading up from the basement. He wanted the entire basement space for use as a workshop.

Upon the expiration of the term of the written lease defendant became a tenant from month to month, subject to the terms of said written lease. Longmoor Corporation v. Jeffers, 205 S. W. 2d, 234, l. c. 237. He was subject to eviction, under the terms of the Price Control Act, for "* * * violating obligations of tenancy * * *." Longmoor Corporation v. Jeffers, supra, l. c. 236. It is plaintiff's theory that removal of the partition was a violation of the terms of the contract of lease.

In the Longmoor case, supra, the rental contract specifically provided that the tenant should not keep a cat, parrot, or other pet, in the apartment. The court sustained a judgment of eviction on the grounds that defendant had kept a cat in his apartment. The theory of both parties here is that if removal of the partition constituted an alteration, amendment or addition to the house, the judgment must be affirmed.

In Session v. State, 41 S. E. (Ga.) 259, l. c. 260, it is said:

"'Alter' has been defined: To make a change; to modify; to vary in some degree. Black, Law. Dict. To alter means to make a thing different from what it was. 2 Am. & Eng. Enc. Law (2d Ed.) p. 179. To cause to be different in some respect; to make change in; vary in some degree, without making an entire change. Stand. Dict. To make otherwise; to change in some respect, either partially or wholly. Webst. Int. Dict. 'Amend' has been defined: To improve; to make better by change or modification. Black, Law Dict. To make better; to change from bad to better. 2 Am. & Eng. Enc. Law (2d Ed.) p. 305."

In Words & Phrases, Vol. 2, page 284, the following appears:

"To alter a thing is to change its form or nature, without a destruction of the existence of the thing altered or changed, or a loss of its identity. Haynes v. State, 15 Ohio St. 455, 458; Davenport v. Magoon, 4 P. 299, 301, 13 Or. 3, 57 Am. Rep. 1; Heiple v. Clackamas County, 25 P. 291, 292, 20 Or. 147; City of Hannibal v. Winchell, 54 Mo. 172, 177; Black River Imp. Co. v. Holway, 59 N. W. 126, 128, 87 Wis. 584."

In Cross v. Nee, 18 Fed. Supp. 589, l. c. 494, Judge Reeves said: "It might be said that to amend is to change for the better by removing defects or faults. It refers to that which falls short of excellence. To modify is to make different by change of quality. To alter is to change partially. But to change is to make a thing distinctly other than it has been. Again, in distinguishing between the words 'change' and 'alter', Webster says: 'To change (the more general and stronger term) is to render some-

thing essentially different from what it was, even to loss of identity, or the substitution of one thing for another. To alter is to make different in some material respect, as in form or detail, without implying loss of identity."

From the words used in the contract it is apparent that defendant was bound to keep the property in statu quo, so far as its form and structure was concerned. He was not even permitted to improve it by "amendments or additions." Nor was he permitted to alter it, i. e., to vary it so as to make it otherwise, or to change it in some respect.

Defendant stated that he removed the partitions so as to make the basement more suitable for his use. Removal of the partitions made the basement into one large room, instead of two rooms, and removed an obstruction from in front of the stairway. Removal of the partitions constituted an alteration of the basement of the building. Whether or not the alteration was in the nature of an *amendment*, a betterment, is not material. Any amendment or alteration that he made was in violation of the terms of his contract.

The judgment should be affirmed. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. *Cave, P. J., Bland, J.* concur; *Dew, J.* not sitting.