# King v. Benton County.

Roads and Highways—Notice of Presentation of Petition For.—The county court has no jurisdiction to act on a petition for a county road signed by persons whose names are not on the notice. Such persons are mere strangers to the proceedings, and if a county court orders a road to be laid out on a petition so signed, such order is *coram non judice*, and utterly void.

Appeal from Benton County.

This was a proceeding instituted in the county court of Benton county for the establishment of a county road. The proof of service of notice of the presentation of the petition recites that notices were posted: "Three in public places in the vicinity of said proposed road, and one at the place of holding the county court for Benton county, Oregon, at least thirty days immediately prior to this (May, 1881,) session of said county court, * * * and the said notice and the petition for said road are signed by more than twelve householders of Benton county, Oregon, in the vicinity of said road." The record discloses the fact that there are thirty-two more names of petitioners on the petition than there are signed to the notice. Other facts necessary to understand the case are stated in the opinion.

*R. S. Strahan and M. S. Woodcock*, for appellant.

*John Kelsay*, for respondent.

By the Court, Waldo, J.:

The county court of Benton county, at its May term, 1881, made an order establishing a county road in said county over the land of the appellant, King, which order the appellant asks to have set aside on various grounds. It is decisive of the case that the order was made on a petition on which the court had no authority to act, because of the want of legal notice of the intended application.

It is common sense that the notice should give full information of the intended proceeding. Property owners to be affected, should be made acquainted by the notice with the parties that seek to appropriate their property to public uses. The petitioners for a county road exercise an authority which must be strictly pursued. Only those who give notice can become petitioners. A petitioner whose name is not on the notice, has no standing in court, and cannot be heard any more than can a mere stranger. The court cannot listen to a petition signed by persons whose names are not on the notice.

In *Minard* v. *Douglas County*, 9 Or., 206, the court was called upon to decide what constituted notice. It follows from that case that it is the petitioners—not a part of them—but those making application, and those *only*, who are authorized by the statute to give the notice, and, consequently, a notice which does not have the names of the petitioners making the application subscribed to it, is fatally defective.

Counsel for the respondent objected to a very strict construction of the statute, because, he said, it would become a difficult matter to lay out a road over a man's land, without his consent. It ought to be a difficult matter to lay out a road over a man's land against his consent. Where principles of civil liberty prevail, it is no light matter to take private property for public uses, against the will of its owner. The proceedings should have been quashed.

Judgment reversed. WATSON, C. J., dissents.