[Filed December 14, 1891.]

## J. W. GAINES ET AL. *v.* LINN COUNTY ET AL.

COUNTY ROADS—PROOF OF NOTICE.—In proceedings under the statute, Hill's Code, § 4061, *et seq.*, for laying out, altering or vacating a county road, proof of giving the notice required by law may be made by the affidavit of a petitioner.

Linn county: R. P. BOISE, Judge.

Plaintiffs appeal.   Reversed.

The plaintiffs in this proceeding, sixty-four in number, presented a petition to the county court of Linn county, Oregon, praying that court to vacate a certain portion of a county road then recently located in said county. The road had been established by that court at the May term, 1890. The petitioners represented that said part of the road was of no public benefit; that it would be a costly road to make and keep in a fit condition for travel, for the reason that it runs through a slough of about one hundred and fifty-five feet, the whole of which would have to be filled with rocks or logs, or bridged, to be passable during the major portion of the year, and that said road runs over a hill about one hundred and eighty-seven feet long, which will have to be graded the entire distance to enable the public to travel over it with teams, and then it would not be a desirable road, etc. The petition was accompanied by notice of such application, which notice appears to be in due form, and it was signed by the same names as appear upon the petition.

The following proof of service of the notice, omitting the entitling referred to, was submitted at the same time:

"State of Oregon, Linn county—ss.

"I, Louis Stringer, being first duly sworn, say that I posted four road notices in the above entitled road matter, two of which original notices are filed herein, and are hereto annexed, and that three of such road notices were posted in the vicinity of the proposed county road to be vacated, as follows:   One of said notices I posted at the south end of the proposed vacated road upon a plank, said plank

being nailed to a fir tree near the commencement of said proposed vacated road, the said notice fronting the traveling public road from Prividence church to Clark's sawmill, and said notice being so posted as to be in plain view of passers by, and in a public and conspicuous place. One of s notices I posted near the center of said proposed vacated road on a board, which said board I nailed tree standing in the said county road proposed vacated, and said notice so posted on said board, be in plain view of passers-by, and same being a p conspicuous place. I also posted one notice on a plank nailed to an ash tree near the north end of the proposed to be vacated road; said ash tree is and was standing at junction of said proposed to be vacated county road, which county road leading from Cyrus' sawmill to Albany, Oregon, and the said notice being so posted as to be in plain view of passers-by, and the same being a public and conspicuous place; and one notice at the place of holding court at the court-house in Albany, Oregon, tacked on the court-house door in plain view of passers-by, the same being a public and conspicuous place; and that each of said four notices were so posted as aforesaid on July 31, 1890, and thirty days prior to the presentation of the petition herein to said county court, and that said four road notices were counterparts or fac-simile of each other, and that each of said notices so remained posted as aforesaid in such public and conspicuous places from July 31, 1890, to September 2, 1890, continuously, and that the subscribers and petitioners to said petition and notices herein are householders residing in the vicinity of the said proposed to be vacated county road.

(Signed),                              "LOUIS STRINGER."

"Subscribed and sworn to before me this third day of September, 1890.

"GEO. W. WRIGHT,
[SEAL.]                    "Notary Public for Oregon."

A bond was also duly filed by the petitioners.

Thereafter, and at the September term of said county court, the court being then held by the two county commissioners, the county judge being absent by reason of sickness, J. M. Hasler, Wm. Tucker, and D. B. Deakins appeared by their attorney J. K. Weatherford, and filed a motion to dismiss said petition and proceedings for sundry reasons specified, among which are:   First, the petition and notices do not correspond and therefore no notices were ever given; seco , the notices filed herein do not specify the place of beginning nor intermediate points, nor the place of termination; third, the notices filed herein do not describe the road that was established at the May term, 1890, of this court, and as asked for by Wm. Tucker et al.; fourth, there is no proof of the publication of said notices as required by law; fifth, there is no proof that said notices were ever published in a public place where persons in the community passing and repassing could see and read the same; sixth, the said Louis Stringer, who attempted to make proof of publication, was not qualified under the statute to give notice or to make proof thereof.   A seventh argumentative reason is given, not material here.   This motion upon its face recited that the persons on whose behalf it was made were interested in the road.

The hearing of the proceedings was continued until the ninth day of October, 1890, but at that time the county judge was still unable to be present by reason of sickness. At this time further proof was filed as to the manner in which the notices had been given, and that the places where they were posted were public places.   On the tenth day of October, 1890, an order was made and entered by the commissioners, sitting as the county court for the transaction of county business, the county judge being still absent, that said petition be dismissed.   And thereafter the plaintiffs sued out this writ of review, and caused the record of said proceedings to be certified into the circuit court; but upon the return of said writ into that court, and after examining said record and hearing the errors assigned,

the said circuit court adjudged and determined there was no error in the proceedings of said county court, and affirmed the same, and dismissed said writ with costs, from which judgment this appeal is taken.

*Geo. W. Wright,* and *W. R. Bilyeu,* for Appellants.

*Geo. G. Bingham,* district attorney, for Respondent.

STRAHAN, C. J.—The objections taken by the motion in the county court to the alleged discrepancies between the petition and notice, and the alleged insufficient description of the beginning, intermediate, and terminal points of the road, were all abandoned on the argument in this court, and need not be further referred to. The only points of objection specially insisted upon were the insufficiency of the posting of the notices and of the proof of such posting. The objection to the proof was that one of the petitioners could neither give nor make proof by his own affidavit that such notice had been given.

Section 4063, Hill's Code, provides: "When any petition shall be presented for the action of the county court for laying out, alteration, or vacation of any county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement, posted at the place of holding county court, and also in three public places in the vicinity of said road or proposed road, thirty days previous to the presentation of said petition to the county court, notifying all persons concerned that application will be made to the said county court, at its next session, for laying out, altering, or vacating such road, as the case may be." Section 4064, Hill's Code, authorizes the county court, upon presentation of such petition and proof that notice has been given, as provided in the last section, to appoint viewers, etc.

Some questions involving the construction of this statute were before this court in *Minard* v. *Douglas Co.* 9 Or. 206. It was there said: "The parties moving in the proceeding are the petitioners, and it is clear they are authorized by the statute to give notice, because they are compelled to furnish

proof that notice has been given. This necessarily implies, in the absence of other provisions, that they are authorized to give the notice." The same statute which authorizes the petitioners to give the notice also requires them to furnish proof that it has been given, before the county court is authorized to proceed with their application; and no reason is perceived why this proof may not consist of the affidavit of one or more of the petitioners who know the facts that such notices have been duly posted. It would be an onerous and strained construction of the statute to hold that the ___ were required to give the notice and then secure ___ice of some person other than one of themselves to ___o the facts. Such a theory is outside of the statute, ___ds no sanction either in its objects or language. The ___oners, while performing the duty of posting notices, necessarily acquired the requisite knowledge of the place, time, and manner of their posting, and would, therefore, seem to be better qualified to testify as to the facts than a stranger. We perceive no reason why such proof may not be made by one or more of the petitioners.

The other question, that the proof submitted did not show a sufficient posting, was not seriously insisted upon. So far as we can determine from this record, the petitioners seem to have proceeded with unusual particularity and care in the preparation and the giving of notice. They were required to post the notices in public places, and, in this case, in the vicinity of the road proposed to be changed or altered. These essential and requisite facts certainly do appear to be as broadly and distinctly stated in the proof of service on file as could be done with any convenient brevity. More than that, the particular places on the road and the manner in which the notices were posted, are all distinctly stated. We have no doubt the record before us entitled the petitioners to have viewers appointed according to the prayer of their petition.

The judgment appealed from will, therefore, be reversed, with directions to the circuit court to reverse the order of

the county court dismissing the petition, and to direct that court to proceed in such matter according to law and not inconsistent with this opinion.

Having reached the conclusion that the action of the county court must be reversed on other grounds, we have not found it necessary to consider the question raised in this appeal, as to the effect of the absence of the county judge on the powers of the court to act in the transaction of county business. In other words, can the commissioners hold the county court for the transaction of county busi in the absence of the county judge? This question in this case in this court for the first time; and w important, its decision is unnecessary at this time.