[Filed April 18, 1892.]

## G. W. VEDDER *v.* MARION COUNTY.

COUNTY ROADS — POSTING COPIES OF NOTICE — CASES LIMITED.—In proceedings to lay out, alter, or vacate county roads, it is sufficient to post copies instead of originals of the notice of the presentation of the petition. *Minard* v. *Douglas Co.* 9 Or. 206, and *King* v. *Benton Co.* 512, limited.

IDEM — NOTICES — AFFIDAVIT OF PETITIONER — STARE DECISIS.— A petitioner is competent to make affidavit of the posting of notices in proceedings to establish or vacate highways. *Gaines* v. *Linn Co.* 21 Or. 425, followed and approved.

VACATION OF ROAD — SUFFICIENCY OF PETITION — CASE IN JUDGMENT.—The petition in this cause is examined, and *held* to sufficiently describe the road sought to be vacated.

Marion county: R. P. BOISE, Judge.

Plaintiff appeals.      Reversed.

This is a proceeding by writ of review to inquire into the regularity and sufficiency of certain proceedings had in the county court of Marion county, Oregon, in the matter of laying out a certain county road, and also vacating a portion of a county road in said county. The petition presented to the county court is as follows:

"To the county court of the state of Oregon, for the county of Marion: The undersigned, your petitioners,

respectfully ask for the location and establishment of a county road commencing at the northwest corner of the donation land claim of W. Eastham, in section 25, township 5 south, range 1 west, in the said county of Marion; thence north about one hundred and sixteen rods to the center of the county road leading from Shuck's mill, in said Marion county, to the town of Woodburn, in said county. Application will also be made at the same time to said court to vacate all that portion of the present county road leading from said Shuck's mill to said town of Woodburn, which is situated between the termini of said proposed road, and which runs diagonally across the land claim at present owned by G. W. Vedder and Joseph Shafer, respectively, in said Marion county. Your petitioners further represent that thirty days last prior to said third day of June, 1891, they caused to be posted, in the manner provided by law for road notices, three several copies of the road notice hereinafter set out, in three several public places in the vicinity of said proposed road; and one copy also of said notice they at the same time caused to be duly posted on the bulletin-board at the door of the court-house of said Marion county."

This petition was signed by twenty-eight householders of Marion county, Oregon, who resided in the vicinity of said proposed road. The petition was filed in the county court of Marion county on the third day of June, 1891.

### ROAD NOTICE.

To all persons concerned: Notice is hereby given that application will be made by the undersigned to the county court for Marion county, Oregon, at their next session, to be held on the third day of June, 1891, at the court-house in said county, to lay out and establish a county road, commencing at the northwest corner of the donation land claim of W. Eastham, in section 25, township 5 south, range 1 west, in said county of Marion; thence north about one hundred and sixteen rods to the center of the old road

leading from Shuck's mill, in said Marion county, to the town of Woodburn, in said Marion county. Application will also be made at the same time to said court to vacate all that portion of the present county road leading from said Shuck's mill to said town of Woodburn, which is situated between the termini of said proposed road, and which runs diagonally across the land claims at present owned by G. W. Vedder and Joseph Shafer, respectively, in said county of Marion.

This notice was also signed by the twenty-eight petitioners.

There are several affidavits in the record filed to prove the service of the notice, but they are all about in the same form. This will serve as a sample of the same:

"State of Oregon, county of Marion, ss.

"I, D. A. McKee, being duly sworn, say that I posted three copies of the annexed road notice in three public places in the vicinity of said proposed road, as follows: On the fourth day of May, 1891, to wit, one of said notices I posted on a large fir tree near the forks of the road leading from Shuck's mill to Gervais on the side of said tree facing the road, where the traveling public could see and read the same. The second notice I posted on a large fir tree on the road from Shuck's mill to Gervais about one-fourth of a mile west of where the first copy of said notice was posted, as aforesaid, and on the side of said tree facing said road and within the distance of the traveling public who pass on said road that would easily enable them to see and read said notice. The third copy of said notice I posted on a large fir tree on the same road that the second copy of said notice was posted, as aforesaid, at the southeast corner of B. F. McKee's land and on the side of said tree facing said road where the traveling public could easily see and read the same."

This affidavit was signed by said McKee and properly verified. G. W. Vedder, one of the petitioners, filed a like

affidavit, showing he posted three copies of the notice at various places, which are specified, along the line of said proposed road, and a fourth copy he posted on the bulletin-board in the hall of the court-house of said Marion county near the court-house door, all being public places in the vicinity of said proposed road.  On the same day the sheriff of said county also posted a copy of said notice on said bulletin-board.  On the third day of June, 1891, the county court, after reciting in its record the various jurisdictional matters enabling it to act, made an order appointing viewers and a surveyor to view said road as well as the proposed vacation, and required them to meet at the place of beginning of said road on the eighteenth day of June, 1891. Thereafter the viewers returned into court their report, accompanied by a survey of said road, recommending the proposed road be established, and that the part specified in the petition be vacated as prayed for by the petitioners. On the eighth day of July, 1891, four persons appeared in said county court and made affidavit in substance that McKee was not a sheriff or deputy sheriff, nor specially appointed by the sheriff or by any court or judge to serve said notices, and that Vedder was a petitioner.  Based on said affidavit, the persons making the same appeared specially through and by their attorney and moved to quash and set aside the proof of service, which motion was allowed by the court and the proceedings dismissed at the costs of the petitioners.  And thereupon said petitioners sued out this writ of review.  Thereafter, on the return of said writ to the circuit court with all the proceedings annexed, said court found no error in the proceedings of the county court and affirmed its judgment, from which the appellants have brought this appeal.

*Bonham & Holmes,* for Appellant.

*D'Arcy & Bingham,* and *W. M. Kaiser,* for Respondent.

STRAHAN, C. J.— Inasmuch as none of the papers in this record is claimed to be defective in form, it will be most convenient to notice the separate objections urged by counsel in support of the ruling of the court below, and thus confine the discussion to the narrowest limits.

The first objection made is to the proof of the service of the notices—copies of the original being posted and not original notices. The statute on the subject of notice is as follows: "When any petition shall be presented for the action of the county court for laying out, alteration, or vacation of any county road, it shall be accompanied by satisfactory proof that notice has been given by advertisement, posted at the place of holding county court, and also in three public places in the vicinity of said road, or proposed road, thirty days previous to the presentation of said petition to the county court, notifying all persons concerned that application will be made to the said county court at their next session for laying out, altering, or vacating such road, as the case may be." (Hill's Code, § 4063.) The next section empowers the county court to act upon the presentation of such petition and proof that notice has been given as provided in the last section, etc. It will be observed that the section is entirely silent as to whether the notices posted should be copies or originals; and in the absence of a legislative requirement on that subject, we must in this, as in all cases when we are called upon to construe an act of the legislature, be governed by the language used; or if that be uncertain or impracticable, then by the ordinary rules of interpretation. In this case both reason and all of the analogies of the law tend to sustain the practice of posting copies. Practically, where several notices are written at the same time by the same hand, and each is a counterpart of the other, in a general sense each might be said to be a copy. At least there is nothing in the simple fact of so preparing them as necessarily to make one an original and the other copies. But we must here

assume, because the record so recites, that the notice posted were copies, and the question is, whether or not the posting of copies is sufficient. When the petitioners present their petition to the county court for its action, it must be accompanied by satisfactory proof that notice has been given by advertisement posted, etc. This posting is nothing more than a statutory method of constructive service. If personal service had been authorized or required, according to all the analogies of the law it would have been by serving a copy of the notice; and no reason can be suggested that is at all satisfactory why a party may not be constructively served by posting a copy when the law does not expressly require a different method. Notices generally are served by copy. (Hill's Code, §§ 527, 529.) Notices of appeal to this court are served by copy. (Hill's Code, § 537.) And so is a summons. (Hill's Code, § 55.) If the evidence of a copy is a sufficient foundation for the most solemn judgments and proceedings in the courts of general as well as appellate jurisdiction, no good reason appears why it is not sufficient authority to enable the county court to act in laying out a county road. *Minard* v. *Douglas County*, 9 Or. 206, was relied upon by counsel for the respondent as an authority on this point. The language of the court in that case does not directly declare that the notices posted must be originals, though the implication is pretty strong that the writer of that opinion thought that to be the correct rule; and since its promulgation the bar has generally regarded that case as establishing that doctrine. But if that rule be deducible from that case, it cannot receive our sanction or approval, and to that extent that case may be regarded as no longer authority. And we deem it a fitting occasion to say in relation to that case, as well as the case of *King* v. *Benton County*, 10 Or. 512, which followed it, that they introduced a degree of strictness and technicality into the practice in the matter of location of county roads that renders it unnecessarily onerous and expensive, and which is at variance

with the entire course of procedure which had prevailed here since the territorial days and up to the time those cases were decided. Nor did the court seem to notice or give any weight whatever to the principles of contemporary construction in such case, which is frequently allowed to have a controlling effect in such matters. Viewing these cases in that light, the tendency is now to limit their doctrines, or at least to see that they are not extended.

The other question, that a petitioner is incompetent to make proof of the posting of notices, was not insisted upon for the reason it had already been decided adversely to the respondent in *Gaines* v. *Linn County,* 21 Or. 425.

Whether it is a proper practice to unite in the same application a request for the location of a county road and the vacation of a part of a road, we need not consider, because there is no objection made by the proceeding on that ground. We can readily imagine a case where the location of the new road would virtually supersede the old or render it useless or unnecessary. In such case we see no objection to such practice. On the other hand, if there be no connection or relation whatever between the two, no doubt that the better practice would be to prosecute them by separate proceedings. But particular objection is made to that part of the petition relating to the vacation of the part of the county road mentioned, on the ground that the terminal points are not sufficiently specified. The objection is merely technical, but it is not sound. The road is clearly identified. It is the present county road leading from said Shuck's mill to said town of Woodburn, and the part to be vacated is situated between the termini of said proposed road, but runs diagonally across the land claim at present owned by G. W. Vedder and Joseph Schafer, respectively, in said Marion county. This description may not be quite intelligible without reference to the survey. The proposed road does not run across these farms. The old one does, but the terminal points are the same; and taking the two

descriptions together, the latter is rendered sufficiently certain.

The judgment appealed from is reversed, with directions to the circuit court to remand the cause to the county court to be there further proceeded with in accordance with this opinion.

BEAN, J., concurs.    LORD, J., expresses no opinion.