[Argued July 18, 1893; decided July 24, 1893.]

## BITTING *v.* DOUGLAS COUNTY.

[S. C. 33 Pac. Rep. 981.]

COUNTY ROADS — NOTICE — JURISDICTION — CODE, § 4063.—Under section 4063, Hill's Code, providing that notice to establish a county road shall be served by posting it in several public places for thirty days, the notice must name with reasonable certainty the time when the notice will be presented, and the fact that actual knowledge of the intended proceeding has come to the knowledge of a person to be affected cannot aid a defective notice. An undated notice is insufficient to confer jurisdiction in a road proceeding.

Douglas County: J. C. FULLERTON, Judge.

Defendant appeals. Affirmed.

This is a special proceeding by C. H. Bitting, to review the action of the county court of Douglas County in the matter of changing a county road. The facts show that the notices posted by the petitioners were not dated, and that they failed to state when the next session of the county court of said county would be held; that on the fifth of May, 1890, a petition containing the names of fifty-eight persons was filed with the county clerk of said county, and J. H. Martin, one of the petitioners, made and filed his affidavit, from which it appears that said notices were posted in proper places on the fifth of April, 1890; that on the ninth of May, 1890, the proper undertaking was filed, but no mention is made in the record of said court of any continuance, nor was any action taken thereon until the ninth of July following, when the viewers and surveyor were appointed, who, after duly qualifying, met at the time and place designated in the order, viewed and surveyed the proposed route, and on the third of September, 1890, made and filed their report and plat of said survey; that on the eighth of the same month V. L. Arrington, C. H. Bitting, and K. A. Arrington filed claims

for damages, and on the next day the said court appointed three householders to assess their respective damages. The assessors met at the time and place appointed and determined how much less valuable the lands of each claimant would be rendered by the proposed change, and made a report thereof. It does not appear from the record that more than two of said assessors ever qualified, though all joined in making said report, which recited that each was duly qualified. On said third day of September remonstrances containing the names of one hundred persons were filed against the proposed change, and on the next day J. H. Martin and B. B. Brockway, two of the petitoners, moved to strike the names of sixty-two persons from said remonstrance for the reason that twelve of them were not householders of said county, and fifty others because they did not reside in the vicinity of the proposed road; that two days thereafter, E. H. Bitting and W. Talkington, two of the remonstrators, moved to strike the names of forty-four persons from the petition for the reason that they did not reside in the vicinity of the proposed road. The record does not show what action was taken by the county court upon these motions to strike the names from the petition and remonstrance, but on the eighth of November, 1890, said court approved the report of the viewers, overruled the remonstrance, and declared the road changed as recommended by the viewers, ordered the damages paid, and the road opened as so changed.

C. H. Bitting, a claimant for damages, petitioned the circuit court for a writ of review, and assigned the following errors committed by the county court: "1. The said court erred and acted without jurisdiction in the matter of location of said road, for the reason that said petition for said road location fails to state that the petitioners reside in the vicinity where the said road was to be laid out, altered, or located. 2. That the said petition fails to describe any road sought to be located, by stating the beginning, ter-

minal, and intermediate points thereof. 3. That the said petition does not ask for the laying out, alteration, or location of any county road. 4. That the said petition does not ask for the vacation or alteration of any county road. 5. That the record of the court fails to show that the order of the county court appointing viewers and surveyor was served upon the viewers or surveyor five days before the view, or that said order was served at all upon said viewers or surveyor. 6. That the notices claimed to have been posted in the vicinity of the road, and at the court-house door, failed to state the date when the said petition would be presented to the said court for the location of said road. 7. That the notices so posted were not dated. 8. That it appears from the petition and the proof of posting that the said petition and proof of posting the notices were filed with the clerk of said county on the seventh day of May, 1890; the same being the first day of the regular May, 1890, term of said court: but that no action was taken thereon by said court at said term, and no order made by the said court in relation thereto. 9. That said court acted without authority in considering the petition at the July, 1890, term of said court without making any order and entering the same upon the journal of said court, continuing the hearing of said petition to the said July term of said court. 10. That the assessors of damages appointed at the September term of court, 1890, to determine how much less valuable the premises of the plaintiff would be rendered by the opening of the said proposed road, did not qualify as by law required, and that the said court erred and acted without authority in accepting and acting upon their said report. 11. That the court erred in not dismissing the said proceedings for the location of said road, when it appears from the remonstrance against the location of the same that the majority of said householders residing in the vicinity of said proposed road remonstrated against the location thereof, as appears from the records of

said proceedings.   12. That the said court erred and acted without authority and jurisdiction in making an order on the eighth day of November, 1890, at a regular term thereof, that the said road be declared a public highway, and that the supervisor open the same, and that the damages be assessed to your petitioner, the plaintiff herein, to be paid when the petitioners should complete a portion of said road in said order named." The necessary undertaking having been given, the circuit court, on the sixteenth of January, 1891, directed the writ to issue, making it returnable at the next term of said court; and at the trial the court found that there was error as stated in the writ; that the proceedings of the county court were irregular, and rendered a decree setting them aside, from which the defendant appeals. AFFIRMED.

*William R. Willis*, and *J. W. Hamilton*, for Appellant.

*George M. Brown*, for Respondent.

MR. JUSTICE MOORE delivered the opinion of the court:

In the examination of this record we shall only consider the sixth and seventh assignments of error, as we deem them decisive of the case. In proceedings to establish a county road, the petition is the complaint, and the notice is the process which gives the county court jurisdiction: *Jones* v. *Marion County*, 4 Or. 46. The advertisement is the process, and the posting in public places is the service: *Minard* v. *Douglas County*, 9 Or. 206. In *King* v. *Benton County*, 10 Or. 512, WALDO, J., says: "It is common sense that the notice should give full information of the intended proceeding." In *Vedder* v. *Marion County*, 22 Or. 264 (29 Pac. 619), the strictness of the rule adopted in the cases of *Minard* v. *Douglas County*, and *King* v. *Benton County*, is somewhat modified, but it was never intended to dispense with any of those requirements

necessary to confer jurisdiction. The notice to establish
a county road is served by posting at the place of holding
the county court, and also in three public places in the
vicinity of the proposed road: Hill's Code, § 4063. Such
service is constructive, and in all cases rests upon the pre-
sumption that the party affected thereby has seen the
notice: Wade on Notice, § 1029. It must on its face be
so specific as to inform the householder inspecting it of
the proceedings contemplated, and one of the principal
objects in requiring such notice is to inform interested
parties of the time and place, when and where his prop-
erty will be affected by some proceeding. It should name
the day, with reasonable certainty, upon which the de-
fendant so served with process is required to appear and
answer: *Idem*, § 1063. The fact that information of the
intended proceeding has actually come to the knowledge
of the defendant, cannot aid a defective notice: *Idem*,
§ 1030. The party affected by the notice need not seek
other information to aid the defect or supply the omission
of any material fact which it should contain. The notice
in the case at bar is as follows: "Notice is hereby given
that a petition will be presented to the county court of
Douglas County at its next regular term for a change in
a road now located, and described as follows." This
notice is properly signed by the petitioners, but contains
no date whatever. Could a person whose land would be
affected by the location of a county road tell when the
petition would be presented to the county court from read-
ing such a notice? The law requires that the notice shall
be advertised by posting thirty days previous to the pre-
sentation of the petition: Code, § 4063. No one could
tell from the notice at what term of the court the petition
would be presented. It is silent as to this necessary
requirement, and did not give to the county court any
jurisdiction to entertain the petition, and hence any action
taken thereon is void. There are several other questions

presented by the record, but since the county court never acquired jurisdiction, their examination would be useless. AFFIRMED.